**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>MOBITV, INC.,<br><br>　　　　　　　　　Debtor. | Chapter 11<br>Case No. 21-10457 |
| In re:<br>MOBITV SERVICE CORPORATION,<br><br>　　　　　　　　　Debtor. | Chapter 11<br>Case No. 21-10458 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move for the entry of an order directing joint administration of their chapter 11 cases for procedural purposes only and granting related relief (the "Motion"). In support of this Motion, the Debtors submit the declaration of Terri Stevens (the "First Day Declaration"), filed concurrently herewith and incorporated herein by reference. In further support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

**A.  Case Background**

4. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5. The Debtors are leading providers of end-to-end internet protocol streaming television services ("IPTV") through which the Debtors provide a video platform and technology that streams content from leading television providers such as HBO, Fox, the Walt Disney Company, NBC, CBS, and others. The Debtors offer their IPTV services and technology to cable television operators, broadband providers, and cellular device carriers *via* its proprietary cloud-based, fully customizable, white label application, allowing the Debtors' over 125 business customers to provide television content to over 300,000 end-user subscribers.

6. Additional information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing these Chapter 11 Cases, is set forth in the First Day Declaration.

**B.      Joint Administration Background**

7. The Debtors request that the caption of their chapter 11 cases in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: <br> MOBITV, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 21-10457 <br><br> Jointly Administered |
|---|---|

8. The Debtors also seek a waiver of the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in each caption, the Debtors propose to include the following footnote to each pleading filed and notice mailed by the Debtors, listing the Debtors in these Chapter 11 Cases and the last four digits of their tax identification numbers along with the Debtors' mailing address:

> The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

9. The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases, substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of MobiTV Service Corporation (Case No. 21-10458) for procedural purposes only and providing for its joint administration in accordance with

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

3

the terms thereof. The docket in Case No. 21-10457 should be consulted for all matters affecting this case.

## RELIEF REQUESTED

10. By this Motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors request the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), directing procedural consolidation and joint administration of these Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

### A. Bankruptcy Rule 1015(b) Provides for the Joint Administration of Cases

11. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code, as MobiTV, Inc. directly owns 100% of the common stock of, or otherwise controls, MobiTV Service Corporation. 11 U.S.C. § 101(2). Thus, this Court is authorized to consolidate the Debtors' cases for procedural purposes.

12. Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for

4

procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

13. The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest. Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

14. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

15. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the

5

Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

**B.**     **The Relief Is Necessary to Avoid Immediate and Irreparable Harm**

16.    Under Bankruptcy Rule 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the commencement of a chapter 11 case to the extent the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as set forth in the First Day Declaration, and is therefore appropriate under Bankruptcy Rule 6003.

17.    As discussed above, the urgency of the relief requested justifies immediate relief. To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**NOTICE**

18.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (iii) the Internal Revenue Service; (iv) counsel to the DIP Lender; (v) counsel to the Prepetition Lender; (vi) the Office of the United States Attorney for the District of Delaware; and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m). A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/MobiTV. Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

6

DOCS_LA:336212.2 57391/002

## NO PRIOR REQUEST

19. The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 1, 2021
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway (DE Bar No. 3059)*
Debra I. Grassgreen (*pro hac vice* application pending)
Jason H. Rosell (*pro hac vice* application pending)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:   302-652-4100
Facsimile:   302-652-4400
Email:   dgrassgreen@pszjlaw.com
           jrosell@pszjlaw.com
           mcaloway@pszjlaw.com

[Proposed] *Counsel to the Debtors and Debtors in Possession*