# **EXHIBIT B**

**Betance Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOBITV, INC., *et al.*,[1] | Case No. 21-10457  (___) |
| Debtors. | Joint Administration Requested |

## DECLARATION OF SHERYL BETANCE IN
## SUPPORT OF DEBTORS' APPLICATION FOR
## APPOINTMENT OF STRETTO AS CLAIMS AND NOTICING AGENT

Pursuant to 28 U.S.C. § 1746, I, Sheryl Betance, declares under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of Corporate Restructuring at Stretto ("Stretto"),[2] a chapter 11 administrative services firm with offices at 410 Exchange, Suite 100, Irvine, CA 92602. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the *Debtors' Application for Appointment of Stretto as Claims and Noticing Agent*, to which this declaration is attached (the "Application").[3]

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Application.

**A.     Qualifications**

3.     Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Stretto's active cases include: *In re Furniture Factory Ultimate Holding, L.P., et al.,* Case No. 20-12816 (JTD) (Bankr. D. Del. Nov. 6, 2020); *In re NS8 Inc.,* Case No. 20-12702 (CSS) (Bankr. D. Del. Oct. 29, 2020); *In re Rubio's Restaurants, Inc., et al.,* Case No. 20-12688 (MFW) (Bankr. D. Del. Oct. 27, 2020); *In re NinePoint Medical, Inc.* Case No. 20-12618 (KBO) (Bankr. D. Del. Oct. 29, 2020); *In re VIVUS, Inc.,* Case No. 20-11779 (LSS) (Bankr. D. Delaware July 10, 2020); *In re Maines Paper & Food Service, Inc.,* Case No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020); *In re APC Automotive Technologies Intermediate Holdings, LLC,* Case No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020); *In re Basin Transload, LLC,* Case No. 20-11462 (JTD) (Bankr. D. Del. June 3, 2020); *In re Superior Air Charter, LLC,* Case No. 20-11007 (CSS) (Bankr. D. Del. Apr. 29, 2020); *In re True Religion Apparel, Inc.,* Case No. 20-10941 (CSS) (Bankr. D. Del. Apr. 14, 2020).

**B. Services to be Rendered**

4. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Stretto will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "Clerk"), the noticing and claims-related services specified in the Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the Engagement Agreement. In performing such services, Stretto will charge the Debtors the rates set forth in the Engagement Agreement, which rate structure is attached as Exhibit 1 to Exhibit A to the Application.

5. Stretto represents, among other things, the following:

  (a) Stretto is not a creditor of the Debtors;

  (b) Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

  (c) By accepting employment in these chapter 11 cases, Stretto waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

  (d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

  (e) Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

  (f) Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

  (g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Stretto will not intentionally misrepresent any fact to any person;

  (h) Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

  (i) Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

  (j) None of the services provided by Stretto as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

6. Although the Debtors do not propose to retain Stretto under section 327 of the Bankruptcy Code pursuant to the Application (such retention will be sought by separate application), I caused to be submitted for review by our conflicts system the names of known potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases. A list of Potential Parties in Interest, attached hereto as Exhibit 1, was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, secured creditors, lenders, the Debtors' thirty largest unsecured creditors on a consolidated basis, the United States Trustee and persons employed in the office of the United States Trustee, and other parties. The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries. Stretto's internal database also includes Stone Point, its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties"). The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision. At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest. Should Stretto discover any new relevant facts

4

or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Stretto, nor any of its personnel, has any materially adverse connection to the Debtors, their creditors, or other relevant parties with respect to any matter for which Stretto will be employed. Stretto may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Stretto serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor. However, to the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

8. Based upon a review of the Potential Parties in Interest:

- FTI Consulting, Inc. ("FTI") has been identified as a Potential Party in Interest. Clifford Zucker, Chad Shandler, Michael Tucker and Ronald Greenspan, each an employee of FTI, is a current client of Stretto's chapter 7 software business in his individual capacity, but such relationship is unrelated to the Debtor and its estate, assets, or businesses.

9. Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

10. Stretto has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, in matters unrelated to these chapter 11 cases, Stretto and its

5

personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

11. Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent Stretto or its personnel in their individual capacities are unrelated to these chapter 11 cases.

12. In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point Capital LLC ("Stone Point"). Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut. The firm has raised and managed eight private equity funds – the Trident Funds – with aggregate committed capital of approximately $25 billion. Stone Point targets investments in the global financial services industry and related sectors.

13. The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules. However, neither the Trident VI Funds nor Stone Point have been identified on the parties in interest list in these chapter 11 cases as of the date hereof.

6

14. Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties. Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the parties in interest list in these chapter 11 cases as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure. To the extent Stretto learns of any additional relevant facts or connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtors that bear on these chapter 11 cases, Stretto will promptly file a supplemental disclosure. Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

15. From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Stretto's or its personnel's knowledge. Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the

blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

16. From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to paragraph 14, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained. Subject to paragraph 14, upon information and belief, and upon reasonable inquiry, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

17. To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtor's estate; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtors, its creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 1, 2021

*Sheryl Betance*
Sheryl Betance

# Exhibit 1 to Betance Declaration

**Potential Parties in Interest**

**[See Creditor Matrix]**