IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-10457 (\_\_\_) Joint<br><br>Administration Requested |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (C) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR
INDIVIDUAL CREDITORS AND INTEREST HOLDERS, AND (II) GRANTING
RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (the "Motion") for the entry of an order authorizing the Debtors to (a) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors in lieu of filing lists for each Debtor, and (c) redact certain personally identifiable information for the Debtors' individual creditors and interest holders. In support of the Motion, the Debtors submit the declaration of Terri Stevens (the "First Day Declaration"), filed concurrently herewith and incorporated herein by reference. In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

§§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 2002-1 and 9013-l(m).

**BACKGROUND**

A. **Case Background**

4. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5. The Debtors are leading providers of end-to-end internet protocol streaming television services ("IPTV") through which the Debtors provide a video platform and technology that streams content from leading television providers such as HBO, Fox, the Walt Disney

Company, NBC, CBS, and others. The Debtors offer their IPTV services and technology to cable television operators, broadband providers, and cellular device carriers *via* its proprietary cloud-based, fully customizable, white label application, allowing the Debtors' over 125 business customers to provide television content to over 300,000 end-user subscribers.

6. Additional information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing of these Chapter 11 Cases, is set forth in the First Day Declaration.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) authorizing the Debtors to (a) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors in lieu of filing lists for each Debtor, and (c) redact certain personally identifiable information for the Debtors' individual creditors and interest holders; and (ii) granting related relief.

## BASIS FOR RELIEF

A. **Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

8. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted. Requiring

the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings.[2]

9. Moreover, the Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g.*, *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp., et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same).

**B.    Authority to File a Consolidated Top 30 General Unsecured Creditor List in Lieu of Submitting a Separate Top 30 Creditor List for Each Debtor Is Allowed Under the Bankruptcy Code.**

10. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 30 largest unsecured claims, excluding insiders" (the "Top 30 List"). Fed. R. Bank. P. 1007(d). This Top 30 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to Bankruptcy Code

---

[2] The Debtors submit that, if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

section 1102.

11. The Debtors request authority to file a single list of their thirty largest general unsecured creditors on a consolidated basis.[3] Because the Top 30 Lists of the Debtors could overlap, and certain Debtors may have fewer than thirty significant unsecured creditors, the Debtors submit that filing separate Top 30 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 30 Lists for each individual Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

12. Courts in this district have granted similar relief to the relief requested herein. *See, e.g.*, *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (authorizing the debtors to file a consolidated list of the debtors' thirty largest unsecured creditors); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp., et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing a consolidated top fifty general unsecure creditors list); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (authorizing a consolidated top thirty general unsecured creditors list); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same).

13. Accordingly, the Debtors submit that filing a consolidated list of their thirty largest unsecured creditors is necessary for the efficient and orderly administration of these

---

[3] The Debtors submit that, if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten (10) days of any such conversion.

Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

**C.    Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors and Interest Holders.**

14.    Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

15.    The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases the home addresses of individuals—including the Debtors' former employees—because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4]  The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these chapter 11

---

[4] The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest. In addition, the Debtors will distribute to their any of their former employees any notices that are received at the Debtors' corporate headquarters and are intended for a former employee.

16. Courts in this jurisdiction granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Maines Paper & Food Service, Inc.*, No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020) (authorizing debtors to redact personally identifiable information, including home address information); *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (same); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix and the names and address information in respect of individuals protected by the GDPR); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (authorizing the debtors to redact personally identifiable information, including home address information, in respect of the Debtors' individual creditors and interest holders); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (same); *In re Hexion*

*Holdings LLC*, Case No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019); (same); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. May 20, 2019) (authorizing debtor to list on creditor matrix the debtors corporate mailing address instead of home addresses for current employees); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (providing that the debtors were "not required to include the home addresses of their employees in their Creditor Matrix"); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) (authorizing the debtors to redact personally identification information, including home address information, of the debtors' individual creditors and interest holders).

17. Recently, in addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Clover*, while overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Judge Owens noted that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'ing Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons

8

who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019). Similarly in *Anna Holdings*, Chief Judge Sontchi also overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019).

18. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information—including home addresses—in respect of the Debtors' individual creditors or interest holders who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

D. **The Relief Is Necessary to Avoid Immediate and Irreparable Harm**

19. Under Bankruptcy Rule 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the commencement of a chapter 11 case to the extent the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the

9

relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as set forth in the First Day Declaration, and is therefore appropriate under Bankruptcy Rule 6003.

20. As discussed above, the urgency of the relief requested justifies immediate relief. To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### **NOTICE**

21. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (iii) the Internal Revenue Service; (iv) counsel to the DIP Lender; (v) counsel to the Prepetition Lender; (vi) the Office of the United States Attorney for the District of Delaware; and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m). A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/MobiTV. Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

### **NO PRIOR REQUEST**

22. The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 1, 2021<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Mary F. Caloway (No. 3059)*<br>Debra I. Grassgreen (*pro hac vice* application pending)<br>Jason H. Rosell (*pro hac vice* application pending)<br>Mary F. Caloway (DE Bar No. 3059)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899-8705<br>Telephone: 302-652-4100<br>Facsimile: 302-652-4400<br>Email: dgrassgreen@pszjlaw.com<br>jrosell@pszjlaw.com<br>mcaloway@pszjlaw.com<br><br>[Proposed] *Counsel to the*<br>*Debtors and Debtors in Possession* |

DOCS_LA:336213.4 57391/002