# EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOBITV, INC., *et al.*,[1] | Case No. 21-10457 (___) |
| Debtors. | Jointly Administered |

**INTERIM ORDER AUTHORIZING THE
DEBTORS TO (A) PAY WAGES AND SALARIES, (B) HONOR
AND MAINTAIN EMPLOYEE BENEFITS, AND (C) PAY
REIMBURSABLE EMPLOYEE EXPENSES**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), to (i) authorize, but not require, the Debtors to (a) pay and/or honor and remit prepetition wages, salaries, and certain other compensation, payroll withholdings, and benefit contributions, (b) maintain employee medical and similar benefits, and (c) pay reimbursable employee expenses; and (ii) authorize banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure

have been satisfied; and due and adequate notice of the Motion having been given under the

circumstances; and after due deliberation and cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an **interim** basis, as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on

_____, 2021, at__:__ _.m. (Eastern Time). Any objections or responses to entry of a final

order on the Motion shall be filed on or before _____, 2021 at 4:00 p.m. (Eastern Time) and

shall be served on proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, Attn:

Mary F. Caloway (mcaloway@pszjlaw.com), 919 North Market Street, 17th Floor, Wilmington,

DE 19801. In the event no objections to entry of a final order on the Motion are timely received,

this Court may enter such final order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, to make payments to

applicable third parties from the Withholding Obligations and in respect of the Benefits, and

costs associated therewith, in accordance with the Debtors' ordinary course of business and

stated policies, as set forth in the Motion.

4.      The Debtors are authorized, but not directed, to honor outstanding checks

for Wages that may be outstanding as of the Petition Date.

5.      In accordance with this Order and any other order of this Court, the banks

and financial institutions at which the Debtors maintain their accounts are authorized to honor

2

checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

6.　　The Debtors are authorized to pay prepetition amounts on account of Wages, Benefits, and Supplemental Workforce Obligations, including all processing and administrative fees associated with payment of the Wages, Benefits, and Supplemental Workforce Obligations, subject to the aggregate caps set forth in the chart below, as applicable, *provided*, *however*, that no payments to, or on behalf of, any Employee will exceed the $13,650 statutory cap provided under section 507(a)(4) of the Bankruptcy Code except to the extent required by applicable non-bankruptcy law and in paragraph 7 of this Order.

| Wages or Benefits | Amount |
| --- | --- |
| Wages | $40,000 |
| Sales Commission Obligations | $30,000 |
| Withholding Obligations | $100,000 |
| Expense Reimbursement Obligations | $2,700 |
| Payroll Administrators | $4,500 |
| FSA Plan Obligations | $45,000 |
| Life & Disability Insurance | $5,300 |
| Supplemental Workforce Obligations | $285,000 |
| 401(k) Plan Obligations | $1,200 |
| TOTAL: | $513,700 |

7.　　The Debtors are authorized to allow Employees to use accrued prepetition Paid Time Off postpetition in the Debtors' discretion. The Debtors are also authorized, in their

discretion, to pay out any accrued and unpaid prepetition Paid Time Off amounts that are owed to Employees solely to the extent their employment with the Debtors is terminated postpetition.

8.      The Debtors are authorized to continue to administer and provide their Employee benefit plans and programs postpetition, and to continue to pay Employee Wages and Sales Commissions, in the ordinary course of business and in the Debtors' discretion.   Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to 503(c) of the Bankruptcy Code.

9.      The Debtors are authorized to continue to utilize the services of the Supplemental Work Force, in the Debtors' discretion, in the ordinary course of business.

10.     Any payment made (or to be made) by the Debtors pursuant to the authority granted herein shall be subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility, the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and the budget governing any such postpetition financing and/or use of cash collateral.

11.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

12.     The stay under Bankruptcy Rule 6004(h) is waived.

13.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14.     Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute the

4

postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

15.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, or enforcement of this Order.

5