# EXHIBIT B

**Proposed Final Order**

DOCS_NY:42380.9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-10457 (___)<br><br>Jointly Administered |

**FINAL ORDER AUTHORIZING THE
DEBTORS TO (A) PAY WAGES AND SALARIES, (B) HONOR
AND MAINTAIN EMPLOYEE BENEFITS, AND (C) PAY
REIMBURSABLE EMPLOYEE EXPENSES**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors

and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases

for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of

the United States Code (the "Bankruptcy Code"), to (i) authorize, but not require, the Debtors to

(a) pay and/or honor and remit prepetition wages, salaries, and certain other compensation,

payroll withholdings, and benefit contributions, (b) maintain employee medical and similar

benefits, and (c) pay reimbursable employee expenses; and (ii) authorize banks and other

financial institutions to receive, process, honor, and pay all checks presented for payment and

electronic payment requests relating to the foregoing; and it appearing that the relief requested is

in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[1]   The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2]   A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED on a **final** basis, as set forth herein.

2.    The Debtors are authorized, but not directed, to make payments to applicable third parties from the Withholding Obligations and in respect of the Benefits, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

3.    The Debtors are authorized, but not directed, to honor outstanding checks for Wages that may be outstanding as of the Petition Date.

4.    In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

5.    The Debtors are authorized to pay prepetition amounts on account of Wages, Benefits, and Supplemental Workforce Obligations, including all processing and administrative fees associated with payment of the Wages, Benefits, and Supplemental Workforce Obligations, subject to the aggregate caps set forth in the chart below, as applicable, *provided*, *however*, that no payments to or on behalf of any Employee will exceed the $13,650

2

statutory cap provided under section 507(a)(4) of the Bankruptcy Code except to the extent

required by applicable non-bankruptcy law and in paragraph 6 of this Order.

| Wages or Benefits | Amount |
|---|---|
| Wages | $40,000 |
| Sales Commission Obligations | $30,000 |
| Withholding Obligations | $100,000 |
| Expense Reimbursement Obligations | $2,700 |
| Payroll Administrators | $4,500 |
| FSA Plan Obligations | $45,000 |
| Life & Disability Insurance | $5,300 |
| Supplemental Workforce Obligations | $285,000 |
| 401(k) Plan Obligations | $1,200 |
| TOTAL: | $513,700 |

6.       The Debtors are authorized to allow Employees to use accrued prepetition

Paid Time Off postpetition in the Debtors' discretion.  The Debtors are also authorized, in their

discretion, to pay out any accrued and prepetition Paid Time Off amounts that are owed to

Employees solely to the extent their employment with the Debtors is terminated postpetition.

7.       The Debtors are authorized to continue to administer and provide their

Employee benefit plans and programs postpetition, and to continue to pay Employee Wages and

Sales Commissions, in the ordinary course of business and in the Debtors' discretion.   Nothing

herein shall be deemed to authorize the payment of any amounts which violate, implicate, or

otherwise are subject to 503(c) of the Bankruptcy Code.

8.       The Debtors are authorized to continue to utilize the services of the

Supplemental Work Force, in the Debtors' discretion, in the ordinary course of business.

3

9.      Any payment made (or to be made) by the Debtors pursuant to the authority granted herein shall be subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility, the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and the budget governing any such postpetition financing and/or use of cash collateral.

10.     The stay under Bankruptcy Rule 6004(h) is waived.

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute the postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Order.

4