## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOBITV, INC., *et al.*,[1] | Case No. 21-10457 (___) |
| Debtors. | Joint Administration Requested |

### MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (A) APPROVING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF

MobiTV, Inc., the above-captioned debtors and debtors in possession (the "Debtors"), hereby move for the entry of interim and final orders (a) approving adequate assurance of payment for future utility services, (b) prohibiting utilities companies from altering, refusing, or discontinuing services, (c) approving procedures for resolving adequate assurance requests, and (d) granting related relief (the "Motion").  In support of this Motion, the Debtors submit the declaration of Terri Stevens (the "First Day Declaration"), filed concurrently herewith and incorporated herein by reference. In further support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

*Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United State Constitution.

2.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory basis for the relief requested herein are sections 105(a) and 366 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

### A.    Case Background

4.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases (the "Chapter 11 Cases").

5.    The Debtors are leading providers of end-to-end internet protocol streaming television services ("IPTV") through which the Debtors provide a video platform and technology that streams content from leading television providers such as HBO, Fox, the Walt Disney Company, NBC, CBS, and others. The Debtors offer their IPTV services and technology

2

to cable television operators, broadband providers, and cellular device carriers *via* its proprietary cloud-based, fully customizable, white label application, allowing the Debtors' over 125 business customers to provide television content to over 300,000 end-user subscribers.

6.        Additional information regarding the Debtors' business and capital structure, as well as a description of the events precipitating the filing these Chapter 11 Cases, is set forth in the First Day Declaration.

**B.        The Utilities**

7.        In connection with the operation of its business, the Debtors obtain telecommunications and internet services (collectively, the "Utility Services") from a number of utility companies (collectively, the "Utility Companies").[2]  A list of the Utility Companies that provide Utility Services to the Debtors as of the Petition Date (the "Utility Services List") is attached hereto as Exhibit A.[3] The relief requested herein is requested with respect to all Utility Companies providing Utility Services to the Debtors.

8.        Uninterrupted Utility Services are essential to the Debtors' ongoing business operations.  The Debtors' operations rely heavily on uninterrupted telecommunications and internet services. Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' business operations could be severely disrupted, and such disruption would

---

[2] The Debtors' gas, water, and electricity are provided by the Debtors' landlord and included in the Debtors' monthly common area maintenance bill.  For purposes of this Motion, the Debtors are not seeking to provide their landlord with an adequate assurance deposit related to these utilities.

[3] The inclusion of any entity on, or the omission of any entity from, the Utility Services List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect to any such determination.

jeopardize the Debtors' ability to operate their business. Accordingly, it is essential that the Utility Services continue uninterrupted during the Chapter 11 Cases.

9.      To the best of the Debtors' knowledge, there are no defaults or arrearages on account of the Debtors' undisputed invoices for prepetition Utility Services in connection with the Debtor's active accounts.  On average, the Debtors pay approximately $8,000 each month for Utility Services.

## C.      The Proposed Adequate Assurance of Payment

10.      The Debtors intend to pay postpetition obligations owed to the Utility Companies in a timely manner, subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility, the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and the budget governing any such postpetition financing and/or use of cash collateral. To provide additional assurance of payment, the Debtors propose to deposit into a segregated account $4,000.00 (the "Adequate Assurance Deposit"), which represents an amount equal to approximately one-half of the Debtor's average aggregate monthly cost of Utility Services.[4]  The Adequate Assurance Deposit will be held in the segregated account for the duration of the Chapter 11 Cases.  The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future utility services in accordance with prepetition practice (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

---

[4]      Prior to the Petition Date, the Debtors transferred the Adequate Assurance deposit to a segregated bank account.

DOCS_LA:336171.5

**D.**     **The Adequate Assurance Procedures**

           11.     Any Utility Company that is not satisfied with the Proposed Adequate Assurance may make a request for additional or different adequate assurance of future payment (each an "<u>Adequate Assurance Request</u>") pursuant to the adequate assurance procedures set forth below (the "<u>Adequate Assurance Procedures</u>"):

      a.     Any Utility Company that objects to the Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn:  Mary F. Caloway (mcaloway@pszjlaw.com) (ii) the Office of the United States Trustee, Attn: Benjamin Hackman (benjamin.a.hackman@usdoj.gov), 844 King Street, Suite 2207, Wilmington, DE 19801; (iii) counsel to the DIP Lender, Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309, Attn: Will Sugden (will.sugden@alston.com) and Jacob Johnson (jacob.johnson@alston.com); (iv) counsel to the Prepetition Lender, McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020, Attn: Kenneth Noble (knoble@mcguirewoods.com) (collectively, the "<u>Notice Parties</u>").

      b.     Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits or other prepetition security provided; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

      c.     The Debtors are authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable.

      d.     If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within fourteen (14) days of receipt of the Adequate Assurance Request, the Debtors will

seek a hearing with the Court (the "<u>Determination Hearing</u>") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

c.     The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

d.     All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

e.     The Debtors may add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one-half of the Debtor's average monthly cost for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of the order granting this Motion, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

12.     The Debtors submit that the Adequate Assurance Procedures establish a streamlined process for Utility Companies to address potential concerns with respect to the Proposed Adequate Assurance, while at the same time allowing the Debtors to continue its business operations uninterrupted. More specifically, the Adequate Assurance Procedures permit a Utility Company to object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon certain notice parties. The Debtors may then resolve any

Adequate Assurance Request by mutual agreement with the Utility Company and without further order of the Court. If the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors may seek Court resolution of the Adequate Assurance Request.

## RELIEF REQUESTED

13.     By this Motion, pursuant to sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rule 6003, the Debtors seek the entry of interim and final orders: (a) approving the Proposed Adequate Assurance of payment for future utility services; (b) prohibiting Utility Companies from altering, refusing, or discontinuing services; (c) approving the Adequate Assurance Procedures; and (d) granting related relief.  A form of interim order is attached hereto as <u>Exhibit B</u> (the "<u>Proposed Order</u>"). In addition, the Debtors request that the Court schedule a final hearing within approximately twenty-five (25) days of the Petition Date to consider approval of this Motion on a final basis.

## BASIS FOR RELIEF REQUESTED

**A.     The Court Should Approve the Proposed Adequate Assurance**

14.     As discussed above, section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty (30) days of the petition date, or the utility company may alter, refuse, or discontinue service.  11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples for what constitutes "assurance of payment."   11 U.S.C.

§ 366(c)(1). Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtors' ability to pay. *See*, *e.g.*, *In re Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at \*5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"). Moreover, it is within the court's discretion to determine the adequate of assurance of payment based on the totality of the circumstances and a balancing of "the utility provider's need to be free from unreasonable risk of nonpayment and the debtor's scarce financial resources during bankruptcy." *Id.*

15.     Here, the Utility Companies are adequately assured against any risk of non-payment for future services. The Adequate Assurance Deposit, and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course of business, provides assurance of the Debtors' payment of its future obligations. Moreover, termination of the Utility Services could result in the Debtor's inability to operate their business to the detriment of all stakeholders. *Cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

B.      **The Court Should Approve the Adequate Assurance Procedures**

16.     Under section 366 of the Bankruptcy Code, utility companies are entitled to evaluate a debtor's proposed adequate assurance during the 30 days following the petition date. *See* 11 U.S.C. § 366(c)(2). Accordingly, to provide Utility Companies with a fair and

orderly process for determining adequate assurance of payment, while protecting the Debtors from the burden of addressing numerous requests for additional or alternative adequate assurance in a disorganized manner at a time when the Debtors' efforts could be more productively focused on preserving and maximizing the value of its estate, the Debtors request that the court approve the Adequate Assurance Procedures.

17.     The Adequate Assurance Procedures are reasonable and appropriate, and they ensure that all parties will act in good faith when exercising their rights under section 366 of the Bankruptcy Code. Moreover, they preserve Utility Companies' rights to seek resolution of the Proposed Adequate Assurance under section 366(c)(3) of the Bankruptcy Code. Many courts in this District have approved similar procedures. *See*, *e.g.*, *In re Clover Techs. Grp.*, *LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 21, 2020) (approving adequate assurance deposit equal to one half of debtor's monthly utility expenses); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Nov. 12, 2019) (same); *In re Forever 21*, *Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re PES Holdings LLC*, No. 19-11626 (KG) (Bankr. D. Del. Aug. 21, 2019) (same); *In re True Religion Apparel, Inc.* Case No. 17-11460 (CSS) (Bankr. D. Del. July 31, 2017) (same).

18.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions

on the Bankruptcy Code, particularly section 366 thereof.  Accordingly, the court should exercise its powers under sections 105(a) and 366 of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

**C.     The Relief is Necessary to Avoid Immediate and Irreparable Harm**

19.    Under Bankruptcy Rule 6003, the court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days after the commencement of a chapter 11 case to the extent the "relief is necessary to avoid immediate and irreparable harm."  Fed R. Bankr. P 6003.  Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as set forth in the First Day Declaration, and is therefore appropriate under Bankruptcy Rule 6003.

20.    As discussed above, the urgency of the relief requested justifies immediate relief.  To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

21.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  If the Court grants the relief requested in this Motion, any

DOCS_LA:336171.5

authorized payment is not an admission of the validity of any claim or a waiver of the Debtors' or any other party's right to subsequently dispute such claim.  In addition, authorization to pay the claims described in this Motion will not be deemed a direction to the Debtors to pay such claims.

## NOTICE

22.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (iii) the Utility Companies; (iv) the Internal Revenue Service; (v) counsel to the DIP Lender; (vi) counsel to the Prepetition Lender; (vii) the Office of the United States Attorney for the District of Delaware; and (viii) all parties entitled to notice pursuant to Local Rule 9013-1(m). A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/MobiTV. Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary

## NO PRIOR REQUEST

23.    The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

DOCS_LA:336171.5

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order(s) granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:   March 1, 2021
         Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway (No. 3059)*
Debra I. Grassgreen (*pro hac vice* application pending)
Jason H. Rosell (*pro hac vice* application pending)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:   302-652-4100
Facsimile:   302-652-4400
Email:      dgrassgreen@pszjlaw.com
           jrosell@pszjlaw.com
           mcaloway@pszjlaw.com

[Proposed] *Counsel to the
Debtors and Debtors in Possession*