# **EXHIBIT B**

**Proposed Interim Order**

DOCS_LA:336171.5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

MOBITV, INC., *et al.*,[1]

                 Debtors.

Chapter 11

Case No. 21-10457 (\_\_\_)

Jointly Administered

**INTERIM ORDER (A) APPROVING THE
ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES, (B) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICES, (C) APPROVING PROCEDURES
FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND
(D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an interim (this "Interim Order") and final order (a) approving the proposed adequate assurance of payment for future utility services, (b) prohibiting utility companies from altering, refusing, or discontinuing services, (c) approving procedures for resolving adequate assurance requests, (d) granting related relief, and (e) scheduling a final hearing to consider approval of the Motion on a final basis; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

DOCS_LA:336171.5

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an **interim** basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2021, at\_\_:\_\_ \_.m. (**Eastern Time**). Any objections or responses to entry of a final order on the Motion shall be filed on or before _____, **2021 at 4:00 p.m. (Eastern Time)** and shall be served on proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, Attn: Mary F. Caloway (mcaloway@pszjlaw.com), 919 North Market Street, 17th Floor, Wilmington, DE 19801. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the utility services list, attached hereto as Exhibit 1 (the "Utility Services List") no later than three (3) calendar days after the date this Interim Order is entered.

4. No later than fourteen (14) calendar days after the date this Interim Order is entered, the Debtors shall cause the Adequate Assurance Deposit to be deposited into a segregated account and held during the pendency of the Chapter 11 Cases.

5. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

6. Until such time as the Court enters a final order on the Motion, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of the Chapter 11 Case, or any perceived inadequacy of the Proposed Adequate Assurance.

7. The following Adequate Assurance Procedures are hereby approved on an interim basis:

    a. Any Utility Company that objects to the Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Mary F. Caloway (mcaloway@pszjlaw.com) (ii) the Office of the United States Trustee, Attn: Benjamin Hackman (benjamin.a.hackman@usdoj.gov); (iii) counsel to the DIP Agent, Alston & Bird LLP, 1201 W. Peachtree St., Atlanta, GA 30309, Attn: Will Sugden (will.sugden@alston.com) and Jacob Johnson (jacob.johnson@alston.com); (iv) counsel to the Secured Lender, McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020, Attn: Kenneth Noble (knoble@mcguirewoods.com); (collectively, the "Notice Parties").

    b. Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided;

        (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits or other prepetition security provided; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c.     The Debtors are authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable.

d.     If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within fourteen (14) days of receipt of the Adequate Assurance Request, the Debtors will seek a hearing with the Court (the "Determination Hearing") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

e.     The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

f.     All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

g.     The Debtors are authorized to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one-half of the Debtors' average monthly cost for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility

4

Services List, the Debtors will cause a copy of the order granting this Motion, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

8. Any deposit provided to a Utility Provider by the Debtors prior to the Petition Date must be returned to the Debtors within twenty-one (21) days of receiving a notice that the services provided to the Debtors by such Utility Provider will no longer be needed.

9 The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

10. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this

Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Case with respect to prepetition amounts owed in connection with any Utility Services.

14. Any payment made (or to be made) by the Debtors pursuant to the authority granted herein shall be subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility, the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and the budget governing any such postpetition financing and/or use of cash collateral.

15. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

16. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

17. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit 1 to Interim Order

### Utilities Services List

| Vendor Name | Description of Service | Service Address | Account # | Average Monthly Payment | Proposed Deposit |
|---|---|---|---|---|---|
| RingCentral, Inc. | Telecommunications | 1900 Powell St. 9th Floor Emeryville, CA 94608 | 1450419021 | 5,633 | 2,817 |
| Comcast Business | Internet | 1900 Powell St. 9th Floor Emeryville, CA 94608 | 930897437 | 2,265 | 1,133 |