IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 21-10457 (___)<br><br>Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO HONOR CERTAIN PREPETITION OBLIGATIONS
TO CUSTOMERS AND TO OTHERWISE CONTINUE CERTAIN
CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (this "Motion") for entry of an order (a) authorizing, but not obligating, the Debtors to maintain and administer customer-related programs as described in the Motion and honor prepetition obligations to customers related thereto in the ordinary course of business and in a manner consistent with past practice in the Debtors' sole discretion, and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105 and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003, 6004 and 9013 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 9013-1(f).

## BACKGROUND

**A.    Case Background**

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases (the "Chapter 11 Cases").

5. Additional information regarding the Debtors' business and capital structure, as well as a description of the events precipitating the filing these Chapter 11 Cases, is set forth in the First Day Declaration.

**B.    Customer Programs**

6. The Debtors are leading providers of end-to-end internet protocol streaming television services ("IPTV") through which the Debtors provide a video platform and technology that streams content from leading television providers such as HBO, Fox, the Walt

Disney Company, NBC, CBS, and others. The Debtors offer their IPTV services and technology to cable television operators, broadband providers, and cellular device carriers *via* their proprietary cloud-based, fully customizable, white label application, allowing the Debtors' over 125 business customers to provide television content to over 300,000 end-user subscribers.

7. To solicit and retain customer business, the Debtors provide promotional discounts, service credits and adjustments, and other short-term pricing incentives ("Short Term Pricing Incentives") designed to encourage a customer's existing subscriber base to convert from cable to the Debtors' IPTV distribution service. In addition, the Debtors have negotiated pricing incentives with certain customers in exchange for prepayment of subscription fees (the "Prepayment Incentives", together with the Short Term Pricing Incentives, the "Customer Programs").  The structure of the Customer Programs varies from customer to customer, but in general, the Debtors receive an advance payment in exchange for, or to be credited against, future monthly subscription fees.  As of the Petition Date, the Debtors have received approximately $315,500.00 in prepayment subscription fees that, pursuant to this Motion, they seek to honor in the ordinary course of business during these Chapter 11 Cases.

## RELIEF REQUESTED

8. By this Motion, pursuant to sections 105, 345, and 363 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2, the Debtors request the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (a) authorizing, but not obligating, the Debtors in their discretion, to (i) maintain and administer the Customer Programs; (ii) honor prepetition obligations to customers related thereto in the

ordinary course of business; (iii) continue, replace, implement, modify and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further application to the Court; and (b) granting related relief.

## BASIS FOR RELIEF

**A.     Honoring Customer Program Commitments
         is Warranted Under Sections 105(a) and 363(b) of the Bankruptcy Code**

9.      The Court may grant the relief requested herein pursuant to section 363 of the Bankruptcy Code. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (discussing prior order authorizing payment of prepetition wage claims pursuant to section 363(b) of the Bankruptcy Code). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Id.*

10.     In addition, the Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. Specifically, the Court may use its power under section 105(a) of the

Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").

11. The United States Court of Appeals for the Third Circuit recognized the "necessity of payment" doctrine in *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981). The Third Circuit held that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor. *Id.* (stating courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (recognizing necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until its pre-reorganization claims have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to continued operation of business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (same).

12. The rationale for the necessity of payment rule—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs*, 98 B.R. at 176; *see also Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization."); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a]

5

general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process."); *Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) (recognizing that allowance of "unequal treatment of pre-petition debts when necessary for rehabilitation . . ." is appropriate); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."); 2 Collier on Bankruptcy, ¶ 105.04[5][a] (16th ed. 2013) (discussing cases in which courts have relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims immediately).

13. Accordingly, the Court has authority to authorize the Debtors to continue the Customer Programs and pay or honor prepetition claims arising thereunder pursuant to sections 363(b) and 105(a) of the Bankruptcy Code.

14. The Customer Programs are a significant contributor to the Debtors' positive and ongoing relationship with their customers. As described above, the Debtors' Customer Programs promote and maintain customer satisfaction and retention, which, in turn, increases the Debtors' goodwill, the value of their brand, and ultimately their revenues. Continuing to

administer the Customer Programs without interruption during the pendency of these Chapter 11 Cases is critical to preserve the value of the Debtors' assets to the ultimate benefit of the Debtors' estates and stakeholders. If the Debtors are unable to continue the Customer Programs postpetition, the Debtors risk alienating and losing customers, and suffering the corresponding losses in customer loyalty and goodwill that will harm the Debtors' goal of maximizing value for all constituents.

15. Where retaining the loyalty and patronage of customers is critical to successful chapter 11 cases, courts in this district and others have granted relief similar to that requested here. *See, e.g.*, *In re Clover Techs. Grp.*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 21, 2020) (approving continuation of customer programs); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same on an interim basis); *In re Destination Maternity Corporation, et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Nov. 12, 2019) (same on a final basis); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re Blackhawk Mining LLC, et al.*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 9, 2019) (same); *In re True Religion Apparel*, Case No. 17-11460 (CSS) (Bankr. D. Del. July 31, 2017); *In re American Apparel, LLC*, Case No. 16-12551 (BLS) (Bankr. D. Del. Nov. 15, 2016) (same), *In re Caché, Inc., et al.*, Case No. 15-10172 (MFW) (Bankr. D. Del Feb. 5, 2015) (same); *In re Deb Stores Holding LLC,* Case No. 14-12676 (KG) (Bankr. D. Del Dec. 5, 2014) (same). Accordingly, the Debtors submit that the substantial benefit conferred on the Debtors' estates by the Customer Programs warrants granting the Debtors the ability to honor the Customer Programs and any customer obligations relating thereto, whether arising prepetition or postpetition, and respectfully request the authority

to continue the Customer Programs and honor prepetition commitments related thereto, all in the Debtors' sole discretion.

## RESERVATION OF RIGHTS

16. Nothing contained in this Motion is an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. If the Court grants the relief requested in this Motion, any authorized payment is not an admission of the validity of any claim or a waiver of the Debtors' or any other party's right to subsequently dispute such claim. In addition, authorization to pay the claims described in this Motion will not be deemed a direction to the Debtors to pay such claims.

## NOTICE

17. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (iii) the Internal Revenue Service; (iv) counsel to the DIP Lender; (v) counsel to the Prepetition Lender; (vi) the Office of the United States Attorney for the District of Delaware; and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m). A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/MobiTV. Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

**NO PRIOR REQUEST**

18.  The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  March 1, 2021<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Mary F. Caloway (No. 3059)*<br>Debra I. Grassgreen (*pro hac vice* application pending)<br>Jason H. Rosell (*pro hac vice* application pending)<br>Mary F. Caloway (DE Bar No. 3059)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899-8705<br>Telephone:  302-652-4100<br>Facsimile:  302-652-4400<br>Email:  dgrassgreen@pszjlaw.com<br>          jrosell@pszjlaw.com<br>          mcaloway@pszjlaw.com<br><br>[Proposed] *Counsel to the*<br>*Debtors and Debtors in Possession* |