# **EXHIBIT A**

**Interim Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 21-10457 (___)<br><br>Jointly Administered |

### INTERIM ORDER (A) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an interim order (this "Interim Order") and final order (a) authorizing the Debtors to pay Critical Vendor Claims up to the applicable Critical Vendor Cap and (b) granting related relief; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

Motion was appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **_____, 2021, at\_\_:\_\_ \_.m. (Eastern Time)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **_____, 2021 at 4:00 p.m. (Eastern Time)** and shall be served on proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, Attn: Mary F. Caloway (mcaloway@pszjlaw.com), 919 North Market Street, 17th Floor, Wilmington, DE 19801. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Critical Vendor Agreement, substantially in the form attached hereto as Exhibit 1, is approved in its entirety.

4. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims in an amount not to exceed $500,000 in the aggregate absent further order of the Court.

5. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Interim Order regardless of whether a Critical Vendor has executed a Critical Vendor Agreement; *provided*

*that*, if any Critical Vendor accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place 12 months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors (collectively, the "<u>Customary Trade Terms</u>"), then: (a) the Debtors may take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made and the deadline for a Critical Vendor to file a reinstated claim will be the later of (i) the general bar date established by order of the Court or (ii) thirty (30) days after the Debtors provide written notice to the Critical Vendor of the reinstatement of its claim; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

6.  Nothing herein shall impair or prejudice the Debtors' ability to contest, in their discretion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims

satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection of, or seek the avoidance of, all such liens or the priority of such claims.

7. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Interim Order, any authorization contained in this Interim Order, or any claim for which payment is authorized hereunder, shall be subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility, the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and the budget governing any such postpetition financing and/or use of cash collateral.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

10. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit 1 to Order**

## **Form of Critical Vendor Agreement**

_____

_____, 2021

TO: [Critical Vendors]
[Name]
[Address]

Dear Valued Supplier:

  As you are aware, MobiTV, Inc. and its wholly-owned subsidiary, MobiTV Service Corporation (the "Company") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case" and the "Bankruptcy Court," respectively) on March 1, 2021 (the "Petition Date"). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay the pre-bankruptcy claims of certain suppliers in recognition of the importance of the Company's relationship with such suppliers and its desire that the Bankruptcy Cases have as little effect on the Company's ongoing business operations as possible. On [●], the Bankruptcy Court entered an order (the "Order") authorizing the Company, under certain conditions, to pay the prepetition claims of certain trade creditors that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

  In order to receive payment on account of prepetition claims, you must agree to continue to supply goods and services to the Company based on Customary Trade Terms. In the Order, Customary Trade Terms are defined as the normal and customary trade terms, practices, and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs), that were most favorable to the Company and in effect between you and the Company prior to the Petition Date, or such other trade terms as you and the Company agree.

  For purposes of administration of this trade program as authorized by the Bankruptcy Court, you and the Company both agree that:

1. The estimated balance of the prepetition claim (net of any setoffs, credits or discounts) (the "Critical Vendor Claim") that you will receive from the Company is $[●].

2. You agree to waive [all/a portion] of any general unsecured claim against the Company in the amount of $[●] arising out of the following invoices: [●].

3. [You will provide an open trade balance or credit line to the Company for shipment of postpetition goods in the amount of $[●] (which shall not be less than the greater of the open trade balance outstanding: (a) on [●], or (b) on normal and customary terms on a historical basis before and up to the Petition Date).]

4. The terms of such open trade balance or credit line are as follows (if more space is required, attach continuation pages): [●]

5. During the pendency of the Bankruptcy Case you will continue to extend to the Company all Customary Trade Terms (as defined in the Order).

6. You will not demand a lump sum payment upon consummation of a plan of reorganization in the Bankruptcy Case on account of any administrative expense priority claim that you assert, but instead agree that such claims will be paid in the ordinary course of business after consummation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Company.

7. The undersigned, a duly authorized representative of [Critical Vendor], has reviewed the terms and provisions of the Order and agrees that [Critical Vendor] is bound by such terms.

8. You will not separately seek payment for reclamation and similar claims outside of the terms of the Order unless your participation in the critical vendor payment program authorized by the Order (the "<u>Critical Vendor Payment Program</u>") is terminated.

9. You agree not to file or otherwise assert against the Company, the estate, or any other person or entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to you by the Company arising from agreements entered into prior to the Petition Date. Furthermore, you agree to take (at your own expense) all necessary steps to remove any such lien as soon as possible.

10. If either the Critical Vendor Payment Program or your participation therein terminates as provided in the Order, or you later refuse to continue to supply goods to the Company on Customary Trade Terms during the pendency of the Bankruptcy Case, any payments you receive on account of your Critical Vendor Claim will be deemed voidable postpetition transfers pursuant to section 549(a) of chapter 11 of Title 11 of the United States Code. You will immediately repay to the Company any payments made to you on account of your Critical Vendor Claim to the extent that the aggregate amount of such payments exceeds the postpetition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever. Your Critical Vendor Claim shall be reinstated in such an amount so as to restore the Company and you to the same positions as would have existed if payment of the Critical Vendor Claim had not been made.

11. Any dispute with respect to this letter agreement, the Order and/or your participation in the Critical Vendor Payment Program shall be determined by the Bankruptcy Court.

3

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call.

Sincerely,

_____
By:
[Name] [Title]

Agreed and Accepted by: [Critical Vendor]

By: Its:

Dated: _____