**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 21-10457 (___) |

**FIRST OMNIBUS MOTION FOR
THE ENTRY OF AN ORDER AUTHORIZING DEBTORS
TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE**

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND EXECUTORY CONTRACTS IN THE SCHEDULES ATTACHED TO EXHIBIT A OF THIS MOTION.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (the "Motion") authorizing the rejection of executory contracts (the "Rejected Contracts"), each as set forth on Exhibit A attached hereto, effective as of the date hereof. In support of this Motion, the Debtors respectfully represents as follows:

**JURISDICTION AND VENUE**

1.　　The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## BACKGROUND

**A.     Case Background**

4. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5. The Debtors are leading providers of end-to-end internet protocol streaming television services ("IPTV") through which the Debtors provide a video platform and technology that streams content from leading television providers such as HBO, Fox, the Walt Disney Company, NBC, CBS, and others. The Debtors offer their IPTV services and technology to cable television operators, broadband providers, and cellular device carriers via its proprietary cloud-based, fully customizable, white label application, allowing the Debtors' over 125 business customers to provide television content to over 300,000 end-user subscribers.

6.  Additional information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing of these Chapter 11 Cases, is set forth in the First Day Declaration.

B.  **The Rejected Contracts**

7.  In order to manage their business and assets responsibly and economically, the Debtors seek to begin the process of contract rejection for executory contracts that are no longer needed by the Debtors, the assets of which are a burden on the Debtors and the estate. To that end, the Debtors have identified certain executory contracts that the Debtors will not require to operate its business going forward, that can be rejected immediately, as of the Petition Date (the "Rejection Date").

8.  The Debtors seek to reject the Rejected Contracts in accordance with principles of sound business judgment and the circumstances of the Chapter 11 Case. The Rejected Contracts are, and will continue to be, a burden to the Debtors' estate. Moreover, the Rejected Contracts do not provide any economic benefit to the Debtors' estate.

9.  Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Contracts.[2] As a result, the cost to the Debtors of performing their obligations under the Rejected Contracts and incurring unnecessary administrative expenses, is burdensome, and that rejection of the Rejected Contracts out of an abundance of caution is thus in the best interests of the Debtors' estate and its creditors. For all of the above reasons, the Debtors submit that rejection

---

[2] The Debtors reserve all of their rights with respect to the determination of whether any Rejected Contracts have been or will have been terminated or breached. In either event, the Debtors do not believe that assumption of the Rejected Contracts is in the best interests of the Debtors' estate or its creditors and thus seeks to reject the Rejected Contracts pursuant to this Motion.

of the Rejected Contracts is in the best interests of the Debtors' estate and its creditors, and other parties in interest.[3]

10. The Debtors may have claims against the counterparties to the Rejected Contracts (the "<u>Counterparties</u>") arising under, or independently of, the Rejected Contracts. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Contracts.

11. To the extent notice of the Debtors' intention to reject the Rejected Contracts has not been previously provided, the filing and service of this Motion shall serve as notice to the Counterparties of the Debtors' intention to reject the Rejected Contracts listed on <u>Exhibit A</u>.

## RELIEF REQUESTED

12. By this Motion, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors request the entry of an order, substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>Proposed Order</u>"), authorizing but not directing the Debtors in their discretion to, (a) reject the Rejected Contracts, effective as of the Petition Date.[4]

## BASIS FOR RELIEF REQUESTED

### A. <u>Rejection of the Contracts Is an Exercise of the Debtors' Sound Business Judgment</u>

13. Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired

---

[3] The Debtors continue to review their contract portfolio and will file additional motions if they determine that rejecting other contracts is in the estate's best interests.

[4] The Debtors reserve all rights with respect to the characterization of the Rejected Contracts, whether such Rejected Contracts have expired by their own terms or have been terminated or assigned prepetition, and any rejection or other damages that may be asserted.

lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

14. The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

15. Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions,*

*Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

16. If a trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

17. In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See*, *e.g., NRLB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) (court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

18. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Contracts effective as of the Rejection Date in order to avoid the possibility of incurring any additional expenses and costs related to the Rejected Contracts. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date). Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. See In re Amber's Stores, Inc., 193 B.R. 819, 827 (N.D. Tex. 1996); see also In re Thinking Mach. Corp., 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); In re Jamesway

Corp., 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

## NOTICE

19. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (iii) the Rejected Contract Parties; (iv) the Internal Revenue Service; (v) counsel to the DIP Lender; (vi) counsel to the Prepetition Lender; (vii) the Office of the United States Attorney for the District of Delaware; and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m). A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/MobiTV. Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20. The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 1, 2021  
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway*
_____
Debra I. Grassgreen (*pro hac vice* application pending)  
Jason H. Rosell (*pro hac vice* application pending)  
Mary F. Caloway (DE Bar No. 3059)  
919 North Market Street, 17th Floor  
Wilmington, DE 19899-8705  
Telephone:   302-652-4100  
Facsimile:    302-652-4400  
Email:        dgrassgreen@pszjlaw.com  
                jrosell@pszjlaw.com  
                mcaloway@pszjlaw.com

[Proposed] *Counsel to the*  
*Debtors and Debtors in Possession*