# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MOBITV, INC., *et al.*,[1]<br>　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 21-10457 (LSS)<br>Jointly Administered<br>**Re: Docket No. 7** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR AND PAY BANK FEES, (C) MAINTAIN <u>EXISTING BUSINESS FORMS, AND (D) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), seeking entry of an order (this "<u>Order</u>"), pursuant to sections 105, 345, and 363 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 2015-2 of the Local Rules, (i) authorizing the Debtors to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the normal course, including any prepetition Bank Fees, (c) maintain existing business forms, and (d) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis, as set forth herein.

2. A final hearing (the "Final Hearing") on the Motion shall be held on **March 30, 2021, at 2:00 p.m. (Eastern Time)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **March 23, 2021 at 4:00 p.m. (Eastern Time)** and shall be served on proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, Attn:  Mary F. Caloway (mcaloway@pszjlaw.com), 919 North Market Street, 17th Floor, Wilmington, DE 19801.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, in their sole discretion, to continue operating the Cash Management System in the ordinary course of business and to honor their prepetition obligations related thereto.

4. The Debtors are further authorized, subject to this Order, to  (i) continue to use, with the same account number, the Bank Accounts in existence as of the Petition Date, (ii) use, in its present form, all business forms, including letterhead, purchase orders, invoices, checks, and other documents related to the Bank Accounts existing immediately before the Petition Date,

without reference to the Debtors' status as debtors in possession; <u>provided</u>, <u>however</u>, that to the extent the Debtors exhaust their existing supply of checks during this case, the Debtors shall reorder checks with the designation "Debtor-in-Possession" and the case number; and <u>provided</u>, <u>further</u>, that with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Order, (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession, (iv) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, debits, or other similar means, (v) honor and pay any ordinary course prepetition or postpetition Bank Fees incurred in connection with the Bank Accounts and to otherwise perform its obligations under the documents governing the Bank Accounts.

5. The Bank is authorized, but not obligated, to receive, process, honor, and pay all checks and electronic payment requests when processed for payment (or to reissue checks, electronic payment requests, drafts, or other forms of payment made, drawn, or issued on the Debtors' accounts, as applicable and necessary); provided, in each case, that sufficient funds are on deposit in the applicable account to cover such payment.  The Bank is authorized to rely on the Debtors' designation of any particular check, electronic payment request, draft, or other form of payment as approved by this Order.

6. The Bank is authorized, but not obligated, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of

available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts, after the petition date by the holders or makers thereof, as the case may be.  Those certain existing deposit agreements, between the Debtors and the Bank shall continue to govern the postpetition cash management relationship between the Debtors and the Bank, and all the provisions of such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to the offset or charge back rights, shall remain in full force and effect.

7. The Bank shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

8. The Debtors and the Bank may, without further Order of this Court, agree to and implement non-material changes to the Cash Management System and procedures in the ordinary course of business.  The Debtors may open and close the Bank Accounts without further order from this Court, provided, that, prior to opening any new bank accounts or closing the Bank Accounts, the Debtors shall provide at least fifteen (15) days' notice of its intentions with respect thereto, to (i) the U.S. Trustee, (ii) counsel to the Debtors' prepetition and postpetition secured lenders, and (iii) counsel to any official committee appointed in these case; provided, further, that that Debtors shall only open any such new accounts at banks that have executed a Uniform Depository Agreement ("UDA") with the U.S. Trustee or at such banks that are willing to promptly execute such an agreement.  Notwithstanding the foregoing, the Debtors are authorized

immediately upon entry of this Order to open the DIP Funding Account in accordance with the terms of the DIP Credit Agreement.

9. The relief granted in this Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank.

10. Any payment made (or to be made) by the Debtors pursuant to the authority granted herein shall be subject to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility, the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and the budget governing any such postpetition financing and/or use of cash collateral.

11. The Debtors shall properly ascertain, record and trace all prepetition and postpetition transactions, including intercompany transactions.

12. Notwithstanding the Debtors' use of the consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on disbursements of each Debtor, regardless which entity pays those disbursements.

13. Nothing in this Order authorizes any intercompany loans or transfers to non-debtor affiliates absent further order of the Court.

14. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim

or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

15. Entry of this Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

16. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rule 6004(h), 7062 and 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry. The Debtors shall serve a copy of this Order on SVB.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: March 2nd, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**