# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered<br><br>**RE: Docket No. 77** |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN FTI CONSULTING, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE AND WAIVING CERTAIN INFORMATION DISCLOSURE REQUIREMENTS

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to employ and retain FTI Consulting, Inc. ("FTI") as their financial advisor and investment banker, respectively, effective *nunc pro tunc* to the date of commencement of these chapter 11 cases (the "Petition Date") and requesting a waiver of Local Rule 2016-2(d)(iv), all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Application or the Engagement Letter, as applicable.

and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Declaration that (a) FTI does not hold or represent an interest adverse to the Debtors' estates and (b) FTI is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and this Court having found that the terms and conditions of FTI's employment in the Engagement Letter, including but not limited to the Fee and Expense Structure and Indemnification Provisions set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is necessary and essential for the Debtors' reorganization and is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court (the "Hearing"), and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Application is approved and granted to the extent provided herein.

2.      The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain FTI as their financial advisor and investment banker in accordance with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to FTI on the terms and times specified in the Engagement Letter.

3.      The terms of the Engagement Letter, attached hereto as **Exhibit 1**, are approved in all respects except as limited or modified herein.

4.      The monthly non-refundable fee for Transaction Advisory Services is hereby reduced to $75,000 per month.

5.      The Transaction Fee shall not be subject to a minimum amount.

6.      The Transaction Fee shall not include any amount attributable to the portion of any "credit bid" submitted by Ally Bank.  For the avoidance of doubt, the cash portion of any bid by Ally Bank shall be subject to the Transaction Fee.

7.      All of FTI's compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and FTI shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court, *provided, however*, that FTI shall not be entitled to recover the allocated overhead expenses described in section 3 of the Engagement Letter, and, *provided*

*further however*, that FTI's hourly fees shall be subject to review under section 330 of the Bankruptcy Code..

8.    FTI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court, *provided, however*, the Transaction Fee shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

9.    Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to FTI's request(s) for final compensation based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.  This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of FTI's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of FTI's fees.

10.    For Bankruptcy Services provided, FTI and its professionals shall keep time summaries for services rendered in one-tenth (0.10) of an hour increments.  For all other services, FTI is hereby authorized to keep reasonably detailed time records for services rendered postpetition in hourly increments and will submit, with any interim and/or final fee application,

4

together with time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested. FTI is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent provided herein.

11.    The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter (*provided, however, that section 6.2 of the Standard Terms and Conditions shall not apply during the pendency of these cases*) and will indemnify and hold harmless the Indemnified Persons, pursuant to the Engagement Letter, subject, during the pendency of these chapter 11 cases, to the following:

a.    An Indemnified Person shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

b.    The Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to Indemnified Persons, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial

determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Persons should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

        c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by an Indemnified Person for indemnification, contribution or reimbursement.

        12.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: March 29th, 2021**
**Wilmington, Delaware**

7