## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING
BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS
FOR PAYMENT UNDER SECTION 503(b)(9), (II) SETTING A BAR DATE FOR
THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS,
(III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE
OF ADMINISTRATIVE EXPENSE CLAIMS, (IV) ESTABLISHING AMENDED
SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (V) APPROVING
THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING
NOTICE OF BAR DATES, AND (VII) GRANTING RELATED RELIEF**

MobiTV, Inc., and its affiliated debtor, MobiTV Service Corporation (together, the "Debtors"), respectfully state the following in support of this motion:

### Relief Requested

1.      The Debtors seek entry of an order (the "Bar Date Order"), substantially in the form attached hereto as **Exhibit A**:  (a) establishing **June 15, 2021 at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each person or entity[2] (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, and trusts) to file proofs of claim based on

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against the Debtors (the "Claims Bar Date"); (b) solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), establishing **August 30, 2021, at 5:00 p.m., prevailing Eastern Time,** as the last date and time for each such governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) establishing a bar date for the filing of requests for payment of certain administrative claims (excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code) (the "Administrative Claims Bar Date," and, together with the Claims Bar Date and Governmental Bar Date, the "Bar Dates" or "Bar Date," as applicable); (d) establishing the Amended Schedules Bar Date and Rejection Damages Bar Date  (as each term is defined herein); (e) approving the proposed Proof of Claim Form (as defined herein); (f) approving the proposed Bar Date Notice (as defined herein); (g) approving the proposed form of Publication Notice (as defined herein); and (h) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules  2002(a)(7), (f), (l), 3003(c), and 5005(a), and Local Rules 1009-2, 2002-1, and 3002-1(a).

## Background

5.      On March 1, 2021, the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      On March 15, 2021, the Office of the United States Trustee appointed ATEME, Inc., BEAR Cloud Technologies Inc., and Loma Alta Holdings, Inc. as the members of the official committee of unsecured creditors (the "Committee").

7.      Information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing of these Chapter 11 Cases, is set forth in *Declaration of Terri Stevens in Support of First Day Motions* [Docket No. 4].

8.      On March 29, 2021, the Debtors filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "Schedules").  The statutory meeting of creditors under 11 U.S.C. § 341 was held on April 5, 2021.

3

## The Bar Dates

**I.      Summary.**

9.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtor that arose prior to the Petition Date, and whose claim is not scheduled in the Debtor's schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.

10.      The Debtors propose to allow creditors (including those with certain Administrative Claims) other than governmental units until June 15, 2021, at 5:00 p.m., prevailing Eastern Time, and governmental units until August 30, 2021, at 5:00 p.m., prevailing Eastern Time, to file Proofs of Claim.  The Debtors have previously filed their Schedules on March 29, 2021.  The Debtor respectfully submits that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**II.      The Claims Bar Date.**

11.      The Debtors request that the Court establish **June 15, 2021, at 5:00 p.m., prevailing Eastern Time,** as the Claims Bar Date.  The Claims Bar Date would be the date by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Stretto, unless such person's or entity's claim falls within one of the exceptions set forth in this motion.  Subject

4

to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases; *provided that* unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of: (a) the Claims Bar Date; (b) **5:00 p.m. prevailing Eastern Time** on the date that is **thirty days** following entry of an order approving the rejection of the applicable executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection (any such date, a "Rejection Damages Bar Date").

### III.   The Governmental Bar Date.

12.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before one hundred and eighty (180) days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9).  The Debtors, therefore, request that **August 30, 2021, at 5:00 p.m., prevailing Eastern Time,** be established as the Governmental Bar Date in these Chapter 11 Cases. The Governmental Bar Date would apply to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Clerk of Court by the Governmental Bar Date.

5

## IV.    Administrative Claims Bar Date.

13.    Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a).  The Debtors, therefore, request that **June 15, 2021, at 5:00 p.m. prevailing Eastern Time**, be established as the Administrative Claims Bar Date in these Chapter 11 Cases.  The Administrative Claims Bar Date will apply to all Administrative Claims arising on or prior to May 31, 2021 (the "Administrative Claims Deadline") (excluding claims for fees and expenses of professionals retained in these proceedings).   All claimants holding Administrative Claims[3] against the Debtors would be required to file with the Court on or before the Administrative Claims Bar Date a request for payment of such Administrative Claim, and, if desired, a notice of hearing on such Administrative Claim.

## V.    Amended Schedules Bar Date.

14.    In accordance with Local Rule 1009-2, in the event the Debtors file a previously unfiled Schedule or amend or supplement their Schedules after having given notice of the Bar Dates, the Debtors propose that with respect to holders of claims affected thereby, the Court establish the later of:  (a) the Claims Bar Date or the Governmental Bar Date, as applicable, to such claims; and (b) **5:00 p.m. prevailing Eastern Time** on the date that is **twenty-one days** from the date on which the Debtors provide notice of the filing, amendment, or supplement to the Schedules, as the deadline by which claimants holding such claims must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Debtors (any such date, an "Amended Schedules Bar Date").  Notice of the Amended Schedules Bar Date shall be

---

3    As inserted herein, "Administrative Claims" means those claims under section 503(b) and/or 507(a)(2), excluding those claims for (a) fees and expenses of professionals retained in these chapter 11 cases and (b) payables arising from postpetition goods and services provided to the Debtor in the ordinary course of business.

sent to each claimant holding a claim affected by any such filing, amendment, or supplement and shall (a) describe the listing and treatment of such claim on the Schedules, including how such treatment has changed, if applicable, and (b) indicate the Amended Schedules Bar Date for such claim.

<u>**Procedures for Filing Proofs of Claim and Administrative Claims**</u>

**I.**     **Parties Required to File Proofs of Claim and Administrative Claims.**

15.     Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim or requests for payment of Administrative Claims arising prior to the Administrative Claims Deadline on or before the applicable Bar Date:

> a.     any person or entity whose claim against the Debtors is not listed in the applicable Debtors' Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to share in any distribution in these Chapter 11 Cases;
>
> b.     any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;
>
> c.     any person or entity who believes that its claim against the Debtors is or may be an administrative expense that arises on or prior to the Administrative Claims Deadline, excluding claims for fees and expenses of professionals retained in these proceedings; and
>
> d.     any entity who believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

DOCS_LA:337315.2 57391/003

## II.    Parties Not Required to File Claims by the Claims Bar Date.

16.    The Debtors propose that the following persons or entities whose claims otherwise would be subject to the Claims Bar Date need not file Proofs of Claim or requests for payment of Administrative Claims arising prior to the Administrative Claims Deadline:

a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court on a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any person or entity whose claim is based on an equity interest in the Debtors; *provided* that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

f.    the DIP Lender;

g.    any person or entity holding a claim for which a separate deadline is fixed by this Court; and

h.    claims for fees and expenses of professionals retained in these Chapter 11 Cases.

## III.    Proof of Claim Form.

17.    The Debtors have prepared, and ask that the Court approve, a form for filing a Proof of Claim which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code substantially in the form of **<u>Exhibit B</u>** attached hereto (the "<u>Proof of Claim Form</u>").  In addition, with the assistance

of Stretto, the Debtors propose to provide each of the creditors listed in the Debtors' Schedules, and, upon the amendment or supplement to the Debtors' Schedules, each of the creditors affected by such amendment or supplement, with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including, (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

**IV.     Requirements for Preparing and Filing Proofs of Claim.**

18.     With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.     ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.     ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.     ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

d.     ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim

9

filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against MobiTV, Inc.

e.     ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

d.     ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at https://cases.stretto.com/MobiTV or (2) by first class, overnight U.S. mail, or by other hand delivery system at the following address: MobiTV Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

### Consequences of Failure to File a Proof of Claim

19.    Pursuant to Bankruptcy Rule 3003(c)(2), upon a confirmed chapter 11 plan becoming effective, the Debtors propose that any person or entity who is required, but fails, to file a Proof of Claim or an Administrative Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code; *provided* that late-filed proofs of claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code.

### Procedures for Providing Notice of the Bar Dates

20.    The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**I.      Mailing of Bar Date Notices.**

21.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form of **Exhibit C** attached hereto (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail, no later than three business days after entry of the Bar Date Order, to the following entities:

a.      the U.S. Trustee;

b.      any counsel to an official committee appointed in these Chapter 11 Cases;

c.      all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

d.      all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

e.      all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Bar Date Order;

f.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

g.      all known entities who are party to executory contracts and unexpired leases with the Debtors;

h.      all known entities who are party to litigation with the Debtors;

i.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

j.      the United States Environmental Protection Agency;

k.      the Office of the Attorney General for the State of Delaware;

l.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

11

      m.      the District Director of the Internal Revenue Service for the District of Delaware;

      n.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

      o.      the Securities and Exchange Commission.

22.      The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim or Administrative Claim, the procedures for filing a Proof of Claim or Administrative Claim, and the consequences of failure to timely file a Proof of Claim or Administrative Claim. The Debtors request the Court approve the use of the Bar Date Notice.

## II.      Supplemental Mailings.

23.      After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) certain parties, acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders), decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process. In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to twenty-one days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

---

[4]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such entity or persons.

### III.    Publication Notice.

24.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form of **Exhibit D** attached hereto (the "Publication Notice"), on one occasion in *The New York Times (National Edition)* on or before a date at least twenty-one days before the Claims Bar Date.

### Basis for Relief

### I.    Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim and Administrative Claims in these Chapter 11 Cases.

25.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

26.    It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtor in

13

connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

27.    The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and Administrative Claims and achieve administrative and judicial efficiency.    Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

28.    The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.    The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of contract rejections).    In addition, the procedures proposed for filing requests for payment of Administrative Claims set forth herein are fair and reasonable.

## II.    The Proposed Notice Procedures Are Reasonable and Appropriate.

29.    Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice.    Bankruptcy

14

Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

30.     In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to its known creditors and, thus, must rely on publication to give notice to its unknown creditors.  This procedure is consistent with applicable case law and practice in this district.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).   To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *Chemetron*, 72 F.3d at 346.  As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown creditors, notification by publication will generally suffice."  *Id.* (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Id.* (citing *Mullane*, 339 U.S. at 317).

31.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . .

. in the name of due process." *See Mullane*, 339 U.S. at 317–18.  Rather, the required search is limited to a debtor's "books and records."  *See, e.g.*, *Chemetron*, 72 F.3d at 347.

32.    In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[5]

33.    The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these Chapter 11 Cases.  Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *Maines Paper & Food Service, Inc.*, No. 20-11502 (KBO) (Bankr D. Del. July 9, 2020) (establishing claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (same); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. Mar. 22, 2016) (same); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS)

---

[5]    For the avoidance of doubt, parties asserting Administrative Claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by the Bar Date Order or any other order of the Court or in any plan confirmed in these chapter 11 cases.

16

(Bankr. D. Del. Mar. 22, 2016) (same); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (same).[6]

34.    The Debtors submit that the relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the Claims Bar Date is established, as proposed, as June 30, 2021, the Debtor intend to (a) cause the Bar Date Notice to be mailed no later than three business days after entry of the Bar Date Order, and (b) cause the Publication Notice to be published by a date that is at least twenty-one days prior to the Claims Bar Date.  Thus, by establishing the Claims Bar Date in accordance with the provisions hereof, creditors will have more than forty (40) days' notice of the Claims Bar Date for filing Proofs of Claim, thereby satisfying Bankruptcy Rule 2002(a)(7).

35.    In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one days from the notice date to file Proofs of Claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of:  (a) the Claims Bar Date; (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection.

---

[6]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

36.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file Proofs of Claim while, at the same time, ensuring that the Debtor can achieve certainty with respect to its liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district.  *See, e.g.*, *Maines Paper & Food Service, Inc.,* No. 20-11502 (KBO) (Bankr D. Del. July 9, 2020) (approving a general bar date that provided for approximately 30 days' notice to creditors); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Aug. 16, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Horsehead Holding Corp.,* No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (approving a general bar date that provided for approximately 42 days' notice to creditors); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (approving a general bar date that provided for approximately 35 days' notice to creditors); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors).

37.    Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

38.    The Debtors have provided notice of this motion to:  (a) the Office of the United States Trustee and (b) counsel for the Official Committee of Unsecured Creditors.  The Debtors

18

submit that, in light of the requirements of Local Rule 2002-1(e), no other or further notice need

be given.

### No Prior Request

39.     No prior request for the relief sought in this motion has been made to this or any

other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Bar Date Order,

granting the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated: April 19, 2021
            Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Mary F. Caloway*

Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  dgrassgreen@pszjlaw.com
              jrosell@pszjlaw.com
              mcaloway@pszjlaw.com

*Attorneys for the Debtors and Debtors in Possession*