**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered |

**Related to Docket No. 182**

**DEBTORS' MOTION TO SHORTEN NOTICE PERIOD WITH
RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING
BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS
FOR PAYMENT UNDER SECTION 503(b)(9), (II) SETTING A BAR DATE FOR
THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS,
(III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE
OF ADMINISTRATIVE EXPENSE CLAIMS, (IV) ESTABLISHING AMENDED
SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (V) APPROVING
THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING
NOTICE OF BAR DATES, AND (VII) GRANTING RELATED RELIEF**

MobiTV, Inc., and its affiliated debtor, MobiTV Service Corporation (together, the "Debtors") hereby file this motion to shorten time (the "Motion to Shorten"), shortening the notice period on the *Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (iii) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [Docket No. 182] (the "Bar

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

2

Date Motion"),² filed concurrently herewith. In support of the Motion to Shorten, the Debtors, by and through their undersigned counsel, state as follows:

**Relief Requested**

1.  By this Motion to Shorten, pursuant to sections 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors respectfully request entry of the Proposed Order, (a) shortening notice on the Bar Date Motion, (b) setting the Bar Date Motion to be heard before the United States Bankruptcy Court for the District of Delaware (the "Court") at the hearing scheduled for April 27, 2021 at 1:30 p.m. (prevailing Eastern Time) (the "Hearing"), (c) setting the deadline to file objections, if any, to the Bar Date Motion as April 26, 2021 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"), and (d) granting such other and further relief as the Court deems just and proper.

2.  For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

**Jurisdiction, Venue and Predicates for Relief**

3.  This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

² Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Motion.

District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion to Shorten is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Motion to Shorten are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Background**

6. On March 1, 2021 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

7. On March 15, 2021, the Office of the United States Trustee appointed ATEME, Inc., BEAR Cloud Technologies Inc., and Loma Alta Holdings, Inc. as the members of the official committee of unsecured creditors (the "Committee").

8. Information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing of these Chapter 11 Cases, is set forth in *Declaration of Terri Stevens in Support of First Day Motions* [Docket No. 4].

9. On March 29, 2021, the Debtors filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "<u>Schedules</u>"). The statutory meeting of creditors under 11 U.S.C. § 341 was held on April 5, 2021.

### Basis for Relief

10. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." *Id.* 9006-1(c)(ii).

11. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an ex parte basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). *See also In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990) (affirming bankruptcy court's decision to shorten notice period where there was no prejudice to the non-moving party and cause was shown). Ample cause exists to shorten the notice period for the Bar Date Motion.

12.     In the Bar Date Motion, as described more fully therein, the Debtors seek entry of an order, (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Governmental Bar Date, (c) establishing the Administrative Claims Bar Date, (d) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (e) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, (f) approving notice of the Bar Dates (as defined therein), (g) approving the proposed form of publication notice, and (h) granting related relief.

13.     It is important for the Debtors and their creditors to know the extent of their claim pool.  The Debtors have reached a global resolution with the Committee and their DIP Lender that will provide the Debtors with the liquidity necessary to complete their sale process and confirm a plan of liquidation.  The Debtors will be very shortly filing a motion for approval of the settlement agreement.  Accordingly, the relief requested herein is urgently needed given the upcoming conclusion of the sale process and the imminent plan process. The Debtors submit that the establishment of deadlines for filing proofs of claim, as described more fully in the Bar Date Motion, is in the best interest of the Debtors and their estates so they can move forward with the plan process.

14.     Importantly, shortening notice for the Bar Date Motion will not prejudice any parties in interest because the Bar Date Motion seeks routine relief and the notice of the proposed Bar Date exceeds the notice requirement set forth in with Bankruptcy Rule 2002(a)(7) and provides more than forty (40) days' notice of the Bar Date.

5

### Compliance with Local Rule 9006-1(e)

15. Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee who indicated that they took no position with respect to the relief requested in the Motion to Shorten.

### Notice

16. Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) counsel to Ally Bank; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

 WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief sought herein and grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: April 19, 2021<br>Wilmington, Delaware | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Mary F. Caloway*<br>Debra I. Grassgreen (admitted *pro hac vice*)<br>Jason H. Rosell (admitted *pro hac vice*<br>Mary F. Caloway (DE Bar No. 3059)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE  19899 (Courier 19801)<br>Telephone: 302-652-4100<br>Facsimile:  302-652-4400<br>E-mail:  dgrassgreen@pszjlaw.com<br>         jrosell@pszjlaw.com<br>         mcaloway@pszjlaw.com<br><br>*Attorneys for the Debtors and Debtors in Possession* |

DOCS_DE:233907.2 57391/003