IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| **MOBITV, INC.**, *et al.*,[1] | ) ) ) | Case No. 21-10457 (LSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Related to Docket No. 166** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PRICEWATERHOUSECOOPERS LLP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE EFFECTIVE MARCH 19, 2021

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (the "Order"), authorizing the Committee to employ and retain PricewaterhouseCoopers LLP ("PwC") as financial advisor, effective as of March 19, 2021, pursuant to the terms and conditions set forth in the Engagement Letter, all as more fully set forth in the Application; and upon the Fleming Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

121745393.v2

that the Committee's notice of the Application having been given; and it appearing that no other notice need be given; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth herein.

2. The Committee is authorized pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1 to employ and retain PwC effective as of March 19, 2021, the Retention Date, as its financial advisor on the terms and conditions set forth in the Engagement Letter, as may be modified by this Order.

3. The terms and conditions of PwC's employment, as provided in the Engagement Letter, are reasonable and are hereby approved as set forth herein.  Further, the Fee and Expense Structure, as set forth in the Engagement Letter, is approved and PwC shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, subject to Court approval and modification by this Order, and pursuant to section 328(a) and 330 of the Bankruptcy Code.

4. PwC's fees for services are based on PwC's standard hourly rates, plus reasonable and necessary expenses, as set forth in the Application, the Fleming Declaration and the Engagement Letter. PwC shall file applications for allowance of its compensation and reimbursement of its expense with respect to services rendered in these chapter 11 cases with this Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines and any applicable orders of this Court.

5. PwC shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2.

121745393.v2

6. To the extent the Committee and PwC enter into any additional agreements or modify existing agreements for the provision of additional services by PwC, the Committee shall file appropriate notices of such additional agreements with the Court in the form of supplemental declarations or affidavits and serve them on the applicable notice parties. To the extent any party timely files an objection within ten (10) days of service of the notice of the additional agreements, the Committee shall promptly request that this Court set a hearing on the matter. All additional services performed by PwC shall be subject to the provisions of this Order.

7. To the extent there is any inconsistency between the terms of the Engagement Letter, the Fleming Declaration, the Application, and this Order, the terms of this Order shall govern.

8. The Debtors shall be bound by the Indemnification Provisions pursuant to the Engagement Letter and, during the pendency of these chapter 11 cases, subject to the following conditions:

   a. PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

   b. The Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from PwC's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which Debtors allege breach of PwC's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F. 3d 217 (3rd Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which PwC should not

121745393.v2

receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c. If before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the Order) and Application, including without limitation the advancement of defense costs, PwC must file an application therefor in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to, PwC. All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement.

9. During the pendency of the chapter 11 cases, the first two sentences of the *Limitations* section on page 8 of the Engagement Letter shall be of no force and effect.

10. The Committee and PwC are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order during the chapter 11 cases.

*[signature]*

**Dated: April 27th, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4

121745393.v2