IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered |

**Objection Deadline: May 19, 2021 at 4:00 p.m.**
**Hearing Date: Scheduled only if necessary**

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MARCH 1, 2021 THROUGH MARCH 31, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to March 1, 2021 by order signed March 26, 2021 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2021 through March 31, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $304,818.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $5,713.03 |

This is a:    x  monthly    interim        final application.

The total time expended for fee application preparation and the corresponding compensation requested will be addressed in the next fee application.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of CA Bar since 1994 | $1,295.00 | 19.20 | $24,864.00 |
| Iain A.W. Nasatir | Partner 1998; Member of CA Bar since 1990; Member of NY Bar since 1983 | $1,145.00 | 6.90 | $7,900.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 13.60 | $15,300.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,095.00 | 90.00 | $98,550.00 |
| Gina F. Brandt | Of Counsel 2000; Member of SA Bar since 1976 | $950.00 | 3.40 | $3,230.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ and PA Bars since 2001; Member of DE Bar since 2010 | $925.00 | 3.90 | $3,607.50 |
| Jason H. Rosell | Partner 2020; Member of CA Bar since 2010; Member of NY Bar since 2011 | $845.00 | 93.20 | $78,754.00 |
| Ben L. Wallen | Associate 2021; Member of TX Bar since 2016 | $750.00 | 38.30 | $28,725.00 |
| Brittany M. Michael | Of Counsel 2020; Member of NY Bar since 2019 | $695.00 | 3.80 | $2,641.00 |
| Leslie A. Forrester | Law Library Director 2003 | $475.00 | 1.80 | $855.00 |
| Beth D. Dassa | Paralegal 2007 | $460.00 | 29.20 | $13,432.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $460.00 | 0.10 | $46.00 |
| Patricia E. Cuniff | Paralegal 2000 | $460.00 | 45.10 | $20,746.00 |
| Cheryl A. Knotts | Paralegal 2000 | $425.00 | 0.40 | $170.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $375.00 | 0.50 | $187.50 |

DOCS_LA:337521.2 57391/003

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karen S. Neil | Case Management Assistant 2003 | $375.00 | 1.00 | $375.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $375.00 | 3.20 | $1,200.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $350.00 | 12.10 | $4,235.00 |

**Grand Total:**   **$304,818.50**
**Total Hours:**       **365.70**
**Blended Rate: $**     **833.52**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 4.30 | $3,188.50 |
| Asset Disposition | 54.10 | $48,721.00 |
| Bankruptcy Litigation | 1.50 | $1,267.50 |
| Business Operations | 3.40 | $3,723.00 |
| Case Administration | 67.40 | $44,469.00 |
| Corporate Governance/Board | 4.20 | $4,044.00 |
| Creditor Mtgs & Communications | 1.50 | $1,642.50 |
| Claims Administration/Objections | 1.00 | $845.00 |
| Employee Benefits/Pension | 30.10 | $27,226.50 |
| Executory Contracts | 4.70 | $3,842.50 |
| Financial Filings | 33.70 | $28,548.00 |
| Financing | 15.40 | $15,244.00 |
| First Day | 29.40 | $28,469.50 |
| General Creditors Committee | 5.90 | $5,514.00 |
| Hearing | 33.00 | $22,812.00 |
| Insurance Issues | 10.20 | $11,014.00 |
| Meeting of Creditors | 1.30 | $1,423.50 |
| PSZJ Retention | 4.60 | $4,460.00 |
| Retention of Prof./Others | 59.60 | $48,039.50 |
| Stay Litigation | 0.30 | $215.00 |
| Tax Issues | 0.10 | $109.50 |

DOCS_LA:337521.2 57391/003

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Bloomberg (online research) | | $177.10 |
| Filing Fee | Bankruptcy Petitions | $3,476.00 |
| Lexis/Nexis | Legal Research | $193.13 |
| Pacer | Court Research | $264.40 |
| Postage | | $24.00 |
| Reproduction Expense | | $700.60 |
| Reproduction/ Scan Copy | | $877.80 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

DOCS_LA:337521.2 57391/003

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br>           Debtors.[1] | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered |

**Objection Deadline: May 19, 2021 at 4:00 p.m.**
**Hearing Date: Scheduled only if necessary**

## FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MARCH 1, 2021 THROUGH MARCH 31, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals" [Docket No. 207] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the Debtors and Debtors in Possession in the bankruptcy cases of the above-captioned debtors (the "Debtors"), hereby submits its *First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from March 1, 2021 through March 31, 2021* (the "Application").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

5

By this Application PSZ&J seeks monthly interim allowance of compensation in the amount of $304,818.50 and actual and necessary expenses in the amount of $5,713.03 for a total allowance of $310,531.53 and payment of fees of $243,854.80 (80% of the allowed fees) and reimbursement of $5,713.03 (100% of the allowed expenses) for a total payment of $249,567.83 for the period March 1, 2021 through March 31, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On March 1, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Pursuant to the Administrative Order, a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Unless a chapter 11 plan has become effective, beginning with the period ending June 1, 2021, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an

interim application for allowance of the amounts sought in its monthly fee applications for that period[2]. All fees and expenses paid are on an interim basis until final allowance by the Court.

4.    The Debtors' retention of PSZ&J as counsel was approved effective as of March 1, 2021 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date" [Docket No. 115] (the "Retention Order"). The Retention Order authorized the Debtors to compensate PSZ&J on an hourly basis and reimburse PSZ&J for actual and necessary out-of-pocket expenses.

## PSZ&J'S APPLICATION FOR COMPENSATION
## AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.    All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6.    PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $327,112.00, in connection with the preparation of initial documents and the prepetition

---

[2] The initial interim fee period will include the period from the Petition Date through May 31, 2021.

representation of the Debtors.   Upon final reconciliation of the amount actually expended

prepetition, any balance remaining from the prepetition payments to the Firm was credited to the

Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to

the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.    The fee statement for the Interim Period is attached hereto as **Exhibit A**.

This statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.   To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.   PSZ&J's time reports are initially handwritten or entered electronically

by the attorney or paralegal performing the described services.   The time reports are organized

on a daily basis.   PSZ&J is particularly sensitive to issues of "lumping" and, unless time was

spent in one time frame on a variety of different matters for a particular client, separate time

entries are set forth in the time reports.   PSZ&J's charges for its professional services are based

upon the time, nature, extent and value of such services and the cost of comparable services other

than in a case under the Bankruptcy Code.   PSZ&J believes the foregoing rates are the market

rates that the majority of law firms charge clients for such services.

### Actual and Necessary Expenses

8.    A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of **Exhibit A**.   PSZ&J customarily charges $0.10 per

page for photocopying and scanning expenses related to cases, such as these, arising in

8

Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

9.    PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10.    With respect to providers of on-line legal research services (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.    The names of the partners, counsel, and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached **Exhibit A.**

13.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.

## Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to more than one category, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A.** **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

## Summary of Services

A.    **Asset Analysis**

15.    This category includes work related to analysis and recovery of the Debtors' assets. During the Interim Period, the Firm, among other things: (1) researched issues relating to 11 U.S.C. 365(n); (2) drafted correspondence in response to Buckeye letter; (3) and addressed issues regarding Form 426 with respect to MobiTV India.

Fees: $3,188.50;    Hours: 4.30

B.    **Asset Disposition**

16.    This category includes work relating to the disposition of the Debtors' assets. During the Interim Period, the Firm, among other things: (1) conferred with the Debtors regarding the sale process; (2) drafted the sale/bid procedures motion and related pleadings; (3) reviewed and revised non-disclosure agreements; (4) conferred with the Debtors, the Committee, Ally, FTI and ATEME regarding the sale process; (5) conferred with the United States Trustee (the "UST") regarding objection to bid procedures; (6) conferred with CIT regarding equipment lease and rejection issues; (7) reviewed Committee draft objection to bid procedures and researched information thereon; (8) analyzed impact of T-Mobile transition; and (9) conferred with Tivo regarding license agreement.

Fees: $48,721.00;    Hours: 54.10

C.    **Bankruptcy Litigation**

17.    Time spent on this category during the Interim Period was minimal and included (1) corresponding with Debtors regarding various creditor inquiries; (2) corresponding

DOCS_LA:337521.2 57391/003

with FTI regarding critical vendor issues; and (3) analyzing global settlement issues with T-Mobile.

Fees: $1,267.50;    Hours: 1.5

### D.    Business Operations

18.    This category includes work relating to the Debtors' business operations. During the Interim Period, the Firm, among other things: (1) conferred among members of the Firm regarding cybersecurity issues; (2) conferred with the Debtors, FTI, and the UST regarding the initial debtor interview; and (3) prepared for and attended the initial debtor interview and followed up with the UST regarding the same.

Fees: $3,723.00;    Hours: 3.40

### E.    Case Administration

19.    This category includes work related to administering the cases in an efficient manner.  During the Interim Period, the Firm, among other things:  (1) prepared and distributed a daily memo narrative; (2) maintained service lists; (3) maintained document control; (4) maintained a memorandum of critical dates;  (5) maintained contact lists; (6) maintained a work-in-progress list; (7) corresponded and conferred regarding case administration issues; (8) participated on weekly team calls; (9) reviewed and revised pro hac vice applications; (10) addressed first day hearing issues: (11) reviewed first day hearing transcript and drafted first day orders and certifications of counsel regarding the same; (12) drafted notices of hearing; (12) reviewed potential conflicts;  (13) conferred with Stretto regarding service issues; (14) provided case updates to FTI; (15) prepared court agendas; (16) participated on call with

12

lender professionals and client team regarding case issues; (17) addressed follow-up items; and (18) reviewed filed notices of appearance.

Fees: $44,469.00;    Hours: 67.40

**F.    Corporate Governance**

20.    This category includes work related to the Debtors' board of directors (the "Board"). During the Interim Period, the Firm attended Board calls, meetings and reviewed a Board presentation.

Fees: $4,044.00;    Hours: 4.20

**G.    Creditor Meetings and Communications**

21.    This category includes addressing issues regarding creditors of the Debtors. During the Interim Period, the Firm conferred with various creditors and researched issues regarding the same.

Fees: $1,642.50;    Hours: 1.50

**H.    Claims Administration and Objections**

22.    This category includes work related to claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) conferred with Debtors and FTI regarding critical vendor issues; (2) revised the critical vendor agreement; and (3) conferred with the Debtors regarding claim of Agile..

Fees: $845.00;    Hours: 1.00

DOCS_LA:337521.2 57391/003

I.      **Employee Benefits and Pensions**

23.      This category includes work related to employee benefits and pension plans, and other employee issues.  During the Interim Period, the Firm, among other things: (1) performed work regarding the employee wage motion; (2) prepared a KEIP/KERP motion and conferred with the Debtors and FTI regarding the same; (3) prepared a notice of special hearing; (4) addressed UST comments in response to KEIP/KERP motion; and (5) conferred with FTI regarding employee claim issues, including paid time off.

Fees: $27,226.50;     Hours: 30.10

J.      **Executory Contracts**

24.      This category includes work related to executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things:  (1) reviewed information for contracts to be rejected; (2) addressed issues regarding in-flight operator contracts; (3) researched 365(n) issues and written request from Buckeye; (4) conferred with the Debtors regarding circuit contracts, and (5) reviewed material contracts for assignment issues.

Fees: $3,842.50;     Hours: 4.70

K.      **First Day**

25.      This category includes work related to first day motions.  During the Interim Period, the Firm, among other things: (1) finalized first day motions; (2) prepared for hearing on first day motions; (3) reviewed first day hearing transcript and prepared first day orders based on the same; (4) conferred with the Debtors regarding first day motions and orders; (5) worked on a cash management presentation; (6) reviewed Committee and lender comments

14

to cash management order; (7) conferred with the UST regarding open issues; (8) prepared certifications of counsel for first day orders; and (9) reviewed issues regarding second day hearing.

Fees: $28,469.50;    Hours: 29.40

### L.    Financial Filings

26.    This category includes work related to compliance with reporting requirements. During the Interim Period, the Firm performed work regarding the preparation of Schedules and Statements and global notes, and conferred with the Debtors, FTI and Stretto regarding the same.

Fees: $28,548.00;    Hours: 33.70

### M.    Financing

27.    This category includes work related to Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) reviewed and revised the DIP interim financing order; (2) conferred with the UST regarding DIP issues; (3) prepared a notice of interim DIP hearing; (4) conferred with the Debtors, Committee and lender regarding DIP funding; (5) conferred with the Debtors regarding DIP accounts; and (6) addressed DIP funding and sale issues.

Fees: $15,244.00;    Hours: 15.40

### N.    General Creditors Committee

28.    This category includes work related to general Committee issues. During the Interim Period, the Firm, among other things:  (1) conferred with Debtors and the U.S.

15

Trustee regarding Committee formation and reviewed notice of appointment of Committee regarding the same; (2) conferred with Committee counsel; (3) facilitated an introductory call with the Committee and FTI; (4) analyzed the Committee's confidentiality bylaw provisions; (5) reviewed the Committee information protocol motion; and (6) corresponded and conferred regarding general Committee issues.

Fees: $5,514.00;    Hours: 5.90

### O.    Hearing

29.    This category includes work related to preparing for and attending hearings. During the Interim Period, the Firm, among other things: (1) prepared for and attended various hearings; (2) prepared hearing agendas; and (3) prepared hearing binders.

Fees: $22,812.00;    Hours: 33.00

### P.    Insurance Issues

30.    This category includes work related to insurance issues. During the Interim Period, the Firm, among other things: (1) reviewed D&O insurance policies and prepared for and attended call regarding the same; (2) conferred with the UST regarding insurance requirements; (3) conferred with the Debtors and Aon regarding D&O insurance issues; and (4) reviewed D&O policy regarding tail pricing.

Fees: $11,014.00;    Hours: 10.20

### Q.    Meeting of Creditors

31.    This category includes work related to meeting of creditors issues. During the Interim Period, the Firm, among other things:  (1) reviewed emails regarding the 341

meeting; (2) reviewed the filed notice of 341 meeting; (3) prepared a notice of 341 meeting; and (4) conferred with the Debtors regarding 341 meeting issues.

Fees: $1,423.50;      Hours: 1.30

### R.    PSZJ Retention/Retention of Professionals

32.    These categories include work related to the retention of the Firm and other professionals.  During the Interim Period, the Firm, among other things: (1) performed work regarding its retention application and supporting declarations; (2) reviewed information for conflicts; (3) conferred regarding Pillowtex analysis; (4) worked on the retention applications and orders for FTI and Fenwick and conferred with the Debtors, Committee, FTI and Fenwick professionals regarding the same; (5) worked on the ordinary course professionals retention application, including addressing various OCP issues; (6) worked on Stretto's 327 retention application; (7) reviewed and analyzed conflicts data; (8) prepared notices for various retention applications; (9) reviewed UST comments to retention applications; (10) reviewed and conferred regarding interested parties list; (11) reviewed the Committee's retention application; (12) conferred with Ally regarding FTI's retention; and (13) prepared certifications of counsel regarding various retention applications and motions.

Fees: $52,499.50;      Hours: 64.20

S.    **Stay Litigation**

33.    Time spent in this category during the Interim Period was minimal and included corresponding with Digital Realty regarding stay issues and conferring regarding the preparation of letters regarding stays of various matters.

Fees: $215.00;        Hours: 0.30

T.    **Tax Issues**

34.    Time spent in this category during the Interim Period was minimal and included reviewing correspondence from the Texas comptroller regarding taxes.

Fees: $109.50;        Hours: 0.10

### Valuation of Services

35.    Attorneys and paraprofessionals of PSZ&J expended a total of 365.70 hours in connection with their representation of the Debtors during the Interim Period, as follows:

### PSZJ Professionals

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of CA Bar since 1994 | $1,295.00 | 19.20 | $24,864.00 |
| Iain A.W. Nasatir | Partner 1998; Member of CA Bar since 1990; Member of NY Bar since 1983 | $1,145.00 | 6.90 | $7,900.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 13.60 | $15,300.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,095.00 | 90.00 | $98,550.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gina F. Brandt | Of Counsel 2000; Member of SA Bar since 1976 | $950.00 | 3.40 | $3,230.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ and PA Bars since 2001; Member of DE Bar since 2010 | $925.00 | 3.90 | $3,607.50 |
| Jason H. Rosell | Partner 2020; Member of CA Bar since 2010; Member of NY Bar since 2011 | $845.00 | 93.20 | $78,754.00 |
| Ben L. Wallen | Associate 2021; Member of TX Bar since 2016 | $750.00 | 38.30 | $28,725.00 |
| Brittany M. Michael | Of Counsel 2020; Member of NY Bar since 2019 | $695.00 | 3.80 | $2,641.00 |
| Leslie A. Forrester | Law Library Director 2003 | $475.00 | 1.80 | $855.00 |
| Beth D. Dassa | Paralegal 2007 | $460.00 | 29.20 | $13,432.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $460.00 | 0.10 | $46.00 |
| Patricia E. Cuniff | Paralegal 2000 | $460.00 | 45.10 | $20,746.00 |
| Cheryl A. Knotts | Paralegal 2000 | $425.00 | 0.40 | $170.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $375.00 | 0.50 | $187.50 |
| Karen S. Neil | Case Management Assistant 2003 | $375.00 | 1.00 | $375.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $375.00 | 3.20 | $1,200.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $350.00 | 12.10 | $4,235.00 |

**Grand Total:**    **$304,818.50**
**Total Hours:**    **365.70**
**Blended Rate:**  **$    833.52**

36.    The nature of work performed by these persons is fully set forth in

**Exhibit A** attached hereto. These are PSZ&J's normal hourly rates for work of this character.

The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim

Period is $304,818.50.

37.    In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period March 1, 2021 through March 31, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $304,818.50 and actual and necessary expenses in the amount of $5,713.03 for a total allowance of $310,531.53 and payment of $243,854.80 (80% of the allowed fees) and reimbursement of $5,713.03 (100% of the allowed expenses) for a total payment of $249,567.83, and for such other and further relief as this Court may deem just and proper.

Dated:  April 29, 2021
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway*
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:    302-652-4100
Facsimile:    302-652-4400
Email:    dgrassgreen@pszjlaw.com
      jrosell@pszjlaw.com
      mcaloway@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

DOCS_LA:337521.2 57391/003

## **VERIFICATION**

STATE OF DELAWARE     :

                               :

COUNTY OF NEW CASTLE  :

        Mary F. Caloway, after being duly sworn according to law, deposes and says:

        a)      I am of counsel with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order, and submit that the Application substantially complies with such Rule and Order.

                                        */s/  Mary F. Caloway*
                                        Mary F. Caloway