**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et at.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>(Jointly Administered)<br><br>**Related to D.I. 171**<br>**Hearing Date: May 17, 2021 at 2 pm (ET)** |

**OBJECTION OF COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC TO DEBTORS' NOTICE OF PROPOSED (I) CURE AMOUNTS AND CURE OBJECTION DEADLINE AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Comcast Cable Communications Management, LLC, by its undersigned attorneys, hereby submits this Objection (this "Objection") to the *Notice of Proposed (I) Cure Amounts and Cure Objection Deadline and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [D.I. 171] (as such may be amended or modified, the "Cure Notice"). In support of this Objection, Comcast states the following:

### I.  Background

1.  On March 1, 2021 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

2.      Prior to the Petition Date, Comcast provided internet services as well as certain Comcast owned equipment and devices to the Debtors at certain locations pursuant to that certain Comcast Enterprise Services Master Services Agreement No. CA-10478334-tklev dated February 28, 2017, by and between the Debtors and Comcast (the "Agreement").  To date, the Agreement has not been assumed or rejected by the Debtors, and Comcast continues to provide services postpetition to the Debtors.

3.      On April 9, 2021, in connection with the Debtors' efforts to sell substantially all of their assets [D.I. 73 & 164] (the "Sale"), the Debtors filed the Cure Notice.  The Cure Notice establishes a deadline of April 30, 2021 for objecting to (among other things) the proposed cure amounts.

## II.      Objection

4.      The Cure Notice (at page 10 of 20) proposes to potentially assume the Agreement and pay Comcast a cure in the amount of $85,856.61.

5.      Comcast disputes the cure amounts proposed by the Debtors because, while accurately reflecting the amount due and owing to Comcast for prepetition charges, the proposed cure does not include postpetition charges due and owing to Comcast under the Agreement.

6.      Comcast's records show that, in addition to the $85,856.61 due and owing to Comcast for prepetition services, the Debtors also owe Comcast the sum of $27,846.91 for postpetition services provided to the Debtors through April 30, 2021, plus any additional amounts that become due and owing until the closing of the Sale.  Thus, as of the date hereof, the total cure amount is $113,703.52 plus any amounts that become due and owing until the closing of the Sale.

7.      Comcast can only provide the information presently available regarding amounts that the Debtors owe, while reserving the right to amend this limited Objection as necessary to include any additional or unknown charges that arise.

8.      Further, in addition to the cure amounts asserted herein, amounts are becoming due and owing as the Debtors continue to use Comcast's services.  To the extent the Debtors fail to pay these amounts, such amounts will constitute part of the cure amounts that the Debtors must pay in connection with the assumption or assumption and assignment of the Agreement.

9.      Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtors cure or promptly cure outstanding balances due under the Agreement upon assumption or assumption and assignment.  The Debtors should be required to pay the undisputed portion of the cure amount owed to Comcast at closing and the disputed portion of the cure amount should be held in a segregated escrow account pending resolution of any disputes regarding the cure amounts.  It is only with these protections that the Debtors can prove that they will cure or promptly cure the monetary defaults under the Agreement.

### III.      Conclusion

10.      For the foregoing reasons and any additional reasons stated at a hearing on this matter, the Debtors should be required to fully cure all amounts due and owing to Comcast under the Agreement and the Court should grant Comcast such other and further relief as is just and proper.

Dated:  April 30, 2021
Wilmington, Delaware

/s/ Matthew G. Summers
Matthew G. Summers (DE No. 5533)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com

*Attorneys for Comcast Cable Communications Management, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew G. Summers, hereby certify that, on this 30th day of April, 2021, I caused a true and correct copy of the foregoing ***Cure Objection*** to be served *via* CM/ECF on all parties who have registered for electronic service in these cases.

Dated: April 30, 2021
Wilmington, Delaware

/s/ *Matthew G. Summers*
Matthew G. Summers (DE No. 5533)
BALLARD SPAHR LLP