IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br>                 Debtors.[1] | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered |

**Objection Deadline: June 8, 2021 at 4:00 p.m. (ET)**
**Hearing Date:  June 15, 2021 at 2:00 p.m. (ET)**

## FIFTH OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365, EFFECTIVE AS OF MAY 31, 2021

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND EXECUTORY CONTRACTS ON EXHIBIT 1 TO THE ORDER ATTACHED TO THIS MOTION AS EXHIBIT A.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

### RELIEF REQUESTED

1.     By this Motion, the Debtors request the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the rejection of the executory contracts (the "Rejected Contracts") set forth on **Exhibit 1** to the Order, effective as of May 31, 2021 (the "Rejection Date").

### JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 1900 Powell Street, 9th Floor, Emeryville, CA 94608.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and rule predicates for the relief sought herein are sections 105(a) and 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 6006 and 6007.

## RELEVANT BACKGROUND

### A.      General Case Background

5.      The Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") on March 1, 2021 (the "Petition Date") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      On March 15, 2021, the Office of the United States Trustee appointed ATEME, Inc., BEAR Cloud Technologies Inc., and Loma Alta Holdings, Inc. as the members of the official committee of unsecured creditors (the "Committee").

7.      Information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing of these Chapter 11 Cases, is set forth in *Declaration of Terri Stevens in Support of First Day Motions* [Docket No. 4].

2

8.      In order to manage their business and assets responsibly and economically, the Debtors are continuing their contract review and rejecting executory contracts that are no longer needed by the Debtors and which are a burden on the Debtors and their estates.  To that end, the Debtors have identified certain executory contracts that the Debtors will not require to operate their business going forward, that can be rejected as of the Rejection Date.

## B.    The Rejected Contracts

9.      The Rejected Contracts consist of eighty one-(81) various types of agreements.  The Court recently approved the sale of substantially all of the Debtors' assets (the "Sale") to TiVo Corporation ("TiVo").  TiVo has determined it does not require the Rejected Contracts and the Debtors will no longer need them post-closing of the Sale.

10.     The Debtors have also determined that the Rejected Contracts[2] do not provide any economic benefit to their estates.  Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from any further attempt to market and assign the Rejected Contracts.  As a result, the cost to the Debtors of performing their obligations under the Rejected Contracts and incurring unnecessary administrative expenses, is burdensome.  Rejection of the Rejected Contracts is thus in the best interests of the Debtors' estate and their creditors.  Accordingly, the Debtors seek to reject the Rejected Contracts as of the Rejection Date.

## BASIS FOR RELIEF

11.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med.*

---

[2]     The Debtors reserve all rights with respect to the characterization of the Rejected Contracts, whether such Rejected Contracts have expired by their own terms or have been terminated or assigned prepetition, and any rejection or other damages that may be asserted.

3

*Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).    "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

12.      The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee.  *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).  The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13.      Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract would benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989).  The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate.  *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

14.      If a trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract.  *See,*

4

*e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

15.     In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See e.g., NRLB V. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc*., 293 B.R. 124, 126 (D. Del. 2003) (court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

16.     Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Contracts effective as of the Rejection Date in order to avoid the possibility of incurring any additional expenses and costs related to the Rejected Contracts. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date). Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996); *see also In re Thinking Mach. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

17.     The Debtors seek to reject the Rejected Contracts in accordance with principles of sound business judgment and the circumstances of these Chapter 11 Cases. The

Rejected Contracts are, and will continue to be, a burden to the Debtors' estates. The Rejected Contracts no longer provide any economic benefit to the Debtors' estates.

18.    Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from any additional attempt to assign the Rejected Contracts.[3]  As a result, the Debtors have determined that the cost to the Debtors of performing the Debtors' obligations under the Rejected Contracts and incurring unnecessary administrative expenses, is burdensome, and that rejection of the Rejected Contracts is thus in the best interests of the Debtors' estates and creditors. For all of the above reasons, the Debtors submit that rejection of the Rejected Contracts is in the best interests of the Debtors' estates and creditors, and other parties in interest.[4]

19.    The Debtors may have claims against the Counterparties arising under, or independently of, the Rejected Contracts. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Contracts.

## NOTICE

20.    The Debtors will provide notice of this Motion to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counterparties to the Rejected Contracts; (iii) counsel to the Committee; (iv) counsel to Ally Bank; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002.  A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/MobiTV.  The Debtors submit that no other or further notice is necessary.

---

[3]    The Debtors reserve all of their rights with respect to the determination of whether any Rejected Contract has been or will have been terminated or breached.  In either event, the Debtors do not believe that assumption of the Rejected Contracts is in the best interests of the Debtors' estates or their creditors and thus seek to reject the Rejected Contracts pursuant to this Motion.

[4]    The Debtors continue to review their contract portfolio and will file additional motions if they determine that rejecting other contracts is in the estates' best interests.

6

## **NO PRIOR REQUEST**

21.     No previous request for the relief sought herein has been made to this or any

other Court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the

relief requested herein and such other and further relief as the Court may deem proper.


Dated:   May 28, 2021                          PACHULSKI STANG ZIEHL & JONES LLP
         Wilmington, Delaware

                                               */s/ Mary F. Caloway*
                                               Debra I. Grassgreen (admitted *pro hac vice*)
                                               Jason H. Rosell (admitted *pro hac vice*)
                                               Mary F. Caloway (DE Bar No. 3059)
                                               919 North Market Street, 17th Floor
                                               Wilmington, DE 19899-8705
                                               Telephone:    302-652-4100
                                               Facsimile:    302-652-4400
                                               Email:        dgrassgreen@pszjlaw.com
                                                             jrosell@pszjlaw.com
                                                             mcaloway@pszjlaw.com

                                               *Counsel to the Debtors and Debtors in Possession*

7