**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered<br><br>**Related to Docket No. 292** |

<u>**CERTIFICATION OF COUNSEL**</u>

The undersigned counsel for the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby certifies that:

1.       On May 21, 2021, the Court entered that certain *Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 292] (the "<u>Sale Order</u>"), which approved the sale of substantially all of the Debtors' assets to TiVo Corporation ("<u>TiVo</u>").

2.       The Sale Order provides, *inter alia*, that that no contract between the Debtors and Oracle America, Inc. ("<u>Oracle</u>") may be assumed and/or assigned without Oracle's prior written consent.

3.       The Debtors and Oracle have entered into the stipulation (the "<u>Stipulation</u>") attached to the Proposed Order (defined below) as **Exhibit A**. The Stipulation provides for the (i) Debtors' assignment of the Subscription Agreement (as defined in the Stipulation) to TiVo pursuant to the Sale Order and the assignment agreement attached to the Stipulation as **Exhibit**

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

**A**, (ii) rejection of any other agreements between the Debtors and Oracle, and (iii) liquidation and allowance of Oracle's general unsecured claim.

      4.      Attached hereto as **Exhibit A** is a proposed order approving the Stipulation (the "Proposed Order").

      5.      The Debtors and Oracle respectfully request entry of the Proposed Order at the Court's earliest convenience.

Dated:  July 21, 2021
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway*
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:    302-652-4100
Facsimile:    302-652-4400
Email:       dgrassgreen@pszjlaw.com
              jrosell@pszjlaw.com
              mcaloway@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br><div align="right">Debtors.[1]</div> | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered<br><br>**Related Docket No. ___** |

## ORDER APPROVING STIPULATION
## BETWEEN THE DEBTORS AND ORACLE AMERICA

The Court having considered the *Certification of Counsel* and the *Stipulation Between the Debtors and Oracle America, Inc.* (the "Stipulation"); and good cause appearing to approve the Stipulation,

**IT IS HEREBY ORDERED THAT:**

1.    The Stipulation attached hereto as **Exhibit A**, and the terms thereof, are hereby **APPROVED**.

2.    The Court has and will retain jurisdiction to enforce the Stipulation in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of the Stipulation.

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

## Exhibit A

(Stipulation)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOBITV, INC., *et al.*, | Case No. 21-10457 (LSS) |
| Debtors.[1] | Jointly Administered |

### STIPULATION BETWEEN THE DEBTORS AND ORACLE AMERICA, INC.

This Stipulation (the "Stipulation") is entered into by and among, through undersigned counsel, the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Oracle America, Inc. ("Oracle" and together with the Debtors, the "Parties"), with respect to the following:

### RECITALS

A.     On March 1, 2021 (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

B.     On April 7, 2021, in connection with the Debtors' motion for the sale of all or substantially all of their assets [Docket No. 73] (the "Sale"), the Court entered that certain *Order Approving Bidding Procedures for the Sale of Substantially all Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired*

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

*Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief* [Docket No. 164] (the "Bidding Procedures Order").

C.      In accordance with the Bidding Procedures Order, on May 11-12, 2021, the Debtors conducted an auction for the sale of substantially all of the Debtors' assets.  At the conclusion of the auction, the Debtors selected the bid submitted by TiVo Corporation ("TiVo") as the "Successful Bid."

D.      On May 21, 2021, the Court entered that certain *Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 292] (the "Sale Order"), which approved the Sale to TiVo pursuant to the terms of that certain *Asset Purchase Agreement*, dated May 12, 2021, annexed as Exhibit A to the Sale Order (the "TiVo Purchase Agreement").

E.      MobiTV, Inc. and Oracle are parties to a Subscription Services Agreement (v010118), with an effective date of August 31, 2018 and Estimate #540126 (collectively, the "Subscription Agreement").

F.      In accordance with the Bidding Procedures Order, on May 13, 2021, the Debtors filed that certain *Notice of (A) Additional Transferred Contracts and (B) Removal of Contracts* [Docket No. 241], pursuant to which the Debtors erroneously identified a cure amount of $71,719.74 owed to Oracle on account of the Subscription Agreement.

G.      Paragraph 38 of the Sale Order provides, among other things, that no contract between the Debtors and Oracle may be assumed and/or assigned without Oracle's prior written consent.

H.      On June 3, 2021, the Debtors filed the *Sixth Omnibus Motion for Entry of an Order Authorizing Debtors to Reject Certain Executory Contracts Pursuant to 11 U.S.C. § 365, Effective as*

2

*of June 3, 2021* [Docket No. 318] ("Rejection Motion"). Pursuant to the Rejection Motion, the Debtors sought to reject the Oracle agreements described as "Invoice Number 44051264 related to Oracle Order Number 5303648 and PO No. PO0006254" (the "Rejected Oracle Agreements") as of June 3, 2021.

I.       On June 14, 2021, Oracle filed a proof of claim, assigned Claim No. 129, in the Chapter 11 Cases, asserting a general unsecured claim in the amount of $143,439.48 ("Claim No. 129") as rejection damages relating to the Rejected Oracle Agreements.

J.       On July 1, 2021, the Bankruptcy Court entered an order [Docket No. 369] approving the Rejection Motion and rejecting the Rejected Oracle Agreements effective as of June 3, 2021.

K.       Since the entry of the Sale Order, TiVo and Oracle have been engaged in good faith negotiations concerning the assumption and assignment of the Subscription Agreement to TiVo.

L.       Oracle does not object to the Debtors' assumption and assignment of the Subscription Agreement to TiVo, provided that the Parties execute the *Assignment Agreement* in substantially the form as attached hereto as Exhibit A.

       **NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, as follows:

1.       **Incorporation of Recitals**. The forgoing recitals are hereby incorporated by reference and are expressly acknowledged and agreed to by the Parties to this Stipulation.

2.       **Effectiveness**. This Stipulation shall become effective upon (a) the entry of an order of the Court approving this Stipulation (the "Approval Order") and (b) the execution and delivery of the Assignment Agreement as set forth in paragraph 4 below.

3.       **Consent to Assumption and Assignment**. Oracle hereby consents to the assumption by the Debtors and the assignment to TiVo of the Subscription Agreement, which shall

DOCS_DE:234952.5

be assumed by the Debtors and assigned to TiVo pursuant to section 365 of the Bankruptcy Code, and shall be deemed included on the schedule of Transferred Contracts to the TiVo Purchase Agreement and approved by the Sale Order. The Debtors shall have no further rights of any kind with respect to the Subscription Agreement. Oracle acknowledges that the Cure Amount for the Subscription Agreement is $0.

4.    **Assignment Agreement**.    Oracle, the Debtors, and TiVo shall execute the Assignment Agreement in substantially the form attached hereto as <u>Exhibit A</u>.

5.    **Rejection of Contracts**.  All contracts between the Debtors and Oracle and/or any of its affiliates, other than the Subscription Agreement, and to the extent not already rejected pursuant to Bankruptcy Court order or stipulation, are hereby deemed rejected effective as of June 3, 2021.

6.    **Allowed General Unsecured Claim**.  In full satisfaction of any claims of Oracle and any of its affiliates against the Debtors, including any claims arising from or related to the rejection of any agreements between the Debtors and Oracle (or any of its affiliates), Claim No. 129 shall be allowed as a general unsecured claim in the amount of $71,719.74.  The Debtors' claims agent is authorized to modify the claims register to reflect the terms of this Stipulation without further order of the Court.

7.    **Modification of Stipulation**. This Stipulation may not be modified, altered, amended or vacated in any way except by a writing signed by all Parties hereto.

8.    **Execution**. This Stipulation may be signed in counterparts, and the terms of any final order of this Court incorporating this Stipulation shall control.

4

9.     **<u>Conflicts with Assignment Agreement</u>.** Except as otherwise expressly stated herein, if any of the terms and/or provisions of this Stipulation conflict with the terms and/or provisions of the Assignment Agreement, then the Assignment Agreement shall govern.

10.     **<u>Jurisdiction</u>**. The United States Bankruptcy Court for the District of Delaware has and will retain jurisdiction to enforce this Stipulation in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Stipulation.

Dated:    July 21, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway*
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:     302-652-4100
Facsimile:     302-652-4400
Email:          dgrassgreen@pszjlaw.com
                jrosell@pszjlaw.com
                mcaloway@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

Dated:    July 21, 2021                    MARGOLIS EDELSTEIN

*/s/ James E. Huggett*
James E. Huggett, Esq.
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
Email: juhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**Doshi Legal Group, P.C.**
1979 Marcus Ave., Suite 210E
Lake Success, NY 11042
Telephone: (516) 622-2335

*Local Counsel to Oracle America, Inc.*

Dated:    July 21, 2021                    BUCHALTER, PC

                                           */s/ Shawn M. Christianson*
                                           Shawn M. Christianson, Esq.
                                           **BUCHALTER, A Professional Corporation**
                                           A Professional Corporation
                                           55 Second Street, 17th Floor
                                           San Francisco, California 94105
                                           Telephone:    (415) 227-0900
                                           Email:        schristianson@buchalter.com

                                           Peggy Bruggman, Esq.
                                           Alice C. Miller, Esq.
                                           **ORACLE AMERICA, INC**.
                                           500 Oracle Parkway
                                           Redwood City CA  94065
                                           Telephone:  (650) 506-5200


                                           *Counsel to Oracle America, Inc.*

DOCS_DE:234952.5

# Exhibit A

**Assignment Agreement**

DOCS_DE:234952.5



| **Assignor:** | MobiTV, Inc. | | **Assignee:** | TiVo Platform Technologies LLC |
|---|---|---|---|---|
| **Assignor's Location:** | 350 S. Grand Avenue, Suite 3000 Los Angeles, CA 90071 | | **Assignee's Location:** | 2160 Gold Street San Jose, CA 95002 |

This Assignment Agreement must be executed by Assignor and Assignee on or before 31-AUG-2021 to be valid and once so executed shall become effective upon the date of consent and execution by Oracle (as hereinafter defined) below (the "Assignment Effective Date").  The defined terms in this Assignment Agreement shall have the same meaning as in the Agreement (as defined below) unless otherwise specified herein.  References to "Your Content" include Customer Data and any non-Oracle software programs that Assignor or Assignor's Users provide and load onto, or create, using the NetSuite or Bronto Services (collectively, "Services").  Oracle America, Inc. ("Oracle") is the successor in interest to NetSuite, Inc. ("NetSuite") and any references to NetSuite or Bronto in the Agreement referenced below shall mean Oracle.

## ASSIGNMENT

1. Assignor represents and warrants that Assignee is acquiring all or substantially all of Assignor's assets and assuming all liabilities related to such assets, or acquiring Assignor's division, business unit or operation that uses the Services and assuming the rights, obligations and liabilities of such division, business unit or operation, pursuant to the Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, entered on May 21, 2021 in Assignor's bankruptcy case (the "Order").

2. Assignor also represents and warrants that as of the Assignment Effective Date, Assignor:

   (a) has not sold, assigned or otherwise transferred the Services to another entity;

   (b) has paid all fees due for the Services as of the Assignment Effective Date;

   (c) will immediately discontinue use of the Services that are assigned under this Assignment Agreement (but Assignor's employees or end users who are authorized by Assignee to use such Services as "Users", as such term is defined in the Agreement, may continue to use such Services following the Assignment Effective Date);

   (d) has the corporate power and the authority to assign those Services that were ordered by any entity other than Assignor itself (e.g., a subsidiary of Assignor) under the Agreement, and to enter into this Assignment Agreement on such entity's behalf; and

   (e) will provide Oracle with all rights and consents necessary for Assignee to access modify, delete and otherwise control Your Content and any other of Assignor's materials in Oracle's possession.  Assignor will defend and indemnify Oracle against any claim arising out of a violation of Assignor's obligations under this section.

3. Pursuant to the terms of this Assignment Agreement and effective on the Assignment Effective Date, Assignor hereby assigns to Assignee all its rights, obligations and interest in and to the Subscription Services Agreement v010118 and any amendments or addenda thereto between Oracle America, Inc. ("Oracle") and Assignor with an effective date as of 31-AUG-2018, and all ordering documents governed by the Subscription Services Agreement (collectively, the "Agreement"), including the acquired Service(s) thereunder, for customer account# 6340858.

4. Assignor acknowledges and agrees that:

   (a) as of the Assignment Effective Date:  (i) any and all rights and obligations of Assignor for the Services shall terminate.  For the avoidance of doubt, the foregoing sentence shall be without prejudice to any provisions in the Agreement that survive termination, except that, notwithstanding anything to the contrary in the Agreement), upon the Assignment Effective Date, Assignor's right to access the Services for retrieving the data residing in the Services terminates and any further access must be agreed with Assignee; and (ii) the then-current Services, including Your Content then residing in such services, shall be made available to Assignee;

**EXHIBIT A**

(b) the assignment does not result in any change in Oracle's rights and obligations under the Agreement, or expand, modify or otherwise alter any use or component of the Services and Your Content;

(c) Assignor is responsible for making Oracle aware of any user account changes necessary as a result of the assignment (additional fees may apply);

(d) Oracle will have no liability to Assignor for any actions taken by Assignee, or by Oracle when acting under Assignee's instructions provided in accordance with the Agreement, including without limitation the modification or deletion of Your Content or other materials; and

(e) all documentation and other materials received from Oracle relating to the Services will be immediately transferred from Assignor to Assignee and, once transferred to Assignee, Assignor will delete, destroy or render inaccessible any such remaining documentation and other materials including any copies thereof.

By signing below, Assignor's signatory further represents and warrants that signatory has the authority to bind the Assignor to the terms of this Assignment Agreement and sign on Assignor's behalf.

**Assignor:** MobiTV, Inc.

Signature: _____

Name: _____

Title: _____

Date: _____

**EXHIBIT A**

**ACCEPTANCE OF ASSIGNMENT**

1.  Assignee represents and warrants that it is acquiring all or substantially all of Assignor's assets and assuming all liabilities related to such assets, which includes Assignor's division, business unit or operation that uses the Services pursuant to the Order.

2.  Assignee also represents and warrants that as of the Assignment Effective Date, it has obtained from Assignor all rights and consents necessary to access, modify, delete and otherwise control Assignor's Your Content and any other of the Assignor's materials in Oracle's possession.

3.  Assignee acknowledges and agrees that:

    (a)  Assignee hereby assumes the payment obligations for all invoices issued by Oracle on or after the Assignment Effective Date for the Services;

    (b)  the assignment does not result in any change in Oracle's rights and obligations under the Agreement, or expand, modify or otherwise alter any use or component of the Services and Your Content;

    (c)  Assignee is responsible for making Oracle aware of any user account changes necessary as a result of the assignment (additional fees may apply); and

    (d)  Oracle will have no liability to Assignee for any actions taken by Assignor, including without limitation the modification or deletion of Your Content or other materials.

4.  Pursuant to the terms of this Assignment Agreement, Assignee hereby accepts the foregoing assignment and agrees to perform all duties and obligations to be performed by Assignor under the Agreement to the same extent as if it had been the original signatory in place of Assignor.  Pursuant to the terms of this Assignment Agreement, Assignee hereby accepts the foregoing assignment.

By signing below, signatory further represents and warrants that signatory has the authority to bind the Assignee to the terms of this Assignment Agreement and sign on Assignee's behalf.

**Assignee:** TiVo Platform Technologies LLC

Signature: _____

Name: _____

Title: _____

Date: _____

**EXHIBIT A**

**CONSENT TO ASSIGNMENT**

Subject to the terms and conditions of this Assignment Agreement and acceptance of assignment, Oracle hereby consents to the foregoing assignment.  By signing below, signatory further represents and warrants that signatory has the authority to bind Oracle to the terms of this Assignment Agreement and sign on Oracle's behalf.

**Oracle America, Inc.**

Signature: _____

Name: _____

Title: _____

Date: _____

**EXHIBIT A**