## EXHIBIT A

**Proposed Confirmation Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MOBITV, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10457 (LSS)<br><br>Jointly Administered<br><br>**Related Docket Nos. 374, 401, 438, [●]** |

## ORDER (I) GRANTING FINAL
## APPROVAL OF DISCLOSURE STATEMENT
## AND (II) CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION

This matter having come before the United States Bankruptcy Court for the District of Delaware (the "Court") upon the request of the above-captioned debtors and debtors-in-possession (together, the "Debtors") and the Official Committee of Unsecured Creditors of the Debtors (the "Committee" and together with the Debtors, the "Plan Proponents") for: (a) final approval of the disclosures contained in the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* dated July 20, 2021 [Docket No. 401] (as modified, amended, or supplemented, the "Plan");[2] and (b) confirmation of the Plan; and the Court having held a hearing on September 22, 2021 (the "Confirmation Hearing") to consider confirmation of the Plan; and the Court having found that due, adequate, and sufficient notice of the Plan, Confirmation Hearing, and all deadlines for voting on or filing objections to the Plan was provided in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

[2]    A true and correct copy of the Plan is attached hereto as **Exhibit A**.

Delaware (the "Local Rules"), and the Court's order governing the solicitation of the Plan [Docket No. 438] (the "Solicitation Procedures Order"); and that no other or further notice is or shall be required; and the Court having reviewed (a) the declaration of [Tabulation Agent] [Docket No. ●] (the "Voting Declaration"); (b) the declaration of Chris Tennenbaum [Docket No. ●] (the "Tennenbaum Declaration" and together with the Voting Declaration, the "Declarations"); and (c) any pleadings submitted in support of confirmation of the Plan, including the [Confirmation Brief] [Docket No. ●] (the "Confirmation Brief"); and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

### Introduction

A.    Findings and Conclusions.  The determinations, findings, judgments, decrees, and orders set forth and incorporated in this order (this "Order") constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

B.    Jurisdiction and Venue.  The Court has jurisdiction over the above-captioned chapter 11 cases (the "Chapter 11 Cases") pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.  The Court has exclusive

jurisdiction to determine whether the Plan complies with the applicable provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and should be confirmed.

C.    Eligibility for Relief.  The Debtors are proper debtors under section 109 of the Bankruptcy Code and the Debtors and the Committee (defined below) are proper joint proponents of the Plan under section 1121(a) of the Bankruptcy Code.

D.    Official Committee of Unsecured Creditors.  On March 15, 2021, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.

E.    Solicitation and Notice.  As evidenced by the affidavits of service, mailing, and/or publication filed in these Chapter 11 Cases prior to the Confirmation Hearing (collectively, the "Notice Affidavits"),[3] the Plan, Solicitation Procedures Order, notice of the Confirmation Hearing, and an appropriate ballot (collectively, the "Ballots") for voting on the Plan with a return envelope or a notice of non-voting status (in substantially the forms approved pursuant to the Solicitation Procedures Order) (collectively, the "Solicitation Materials") were transmitted and served in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  The solicitation of votes on the Plan complied with the solicitation procedures in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  As evidenced by the Notice Affidavits, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to (a) final approval of the disclosures set forth in the Plan and (b) confirmation of the Plan) have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

---

[3]    The Notice Affidavits are located at Docket Nos. [●].

F.    <u>Disclosures</u>.  The disclosures set forth in the Plan (the "<u>Disclosures</u>") provide holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code.

G.    <u>Voting</u>.  All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.  As evidenced by the Voting Declaration, Class 3 voted to accept the Plan.

H.    <u>Burden of Proof</u>.  The Debtors have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.

I.    <u>Bankruptcy Rule 3016</u>.  The Plan is dated and identifies its proponents in accordance with Bankruptcy Rule 3016(a).

## Compliance with Section 1129 of the Bankruptcy Code

J.    <u>Compliance with the Bankruptcy Code | 11 U.S.C. § 1129(a)(1)</u>.  The evidentiary record at the Confirmation Hearing, the Declarations, the contents of the Plan, the Notice Affidavits, and the Confirmation Brief support the findings of fact and conclusions of law set forth herein.

K.    <u>Proper Classification | 11 U.S.C. §§ 1122 and 1123(a)(1)</u>.  Article IV of the Plan designates Classes of Claims, other than Administrative Claims and Priority Tax Claims, which, pursuant to section 1123(a)(1) of the Bankruptcy Code, need not be designated.  As required by section 1122(a) of the Bankruptcy Code, each Class of Claims contains only Claims that are substantially similar to the other Claims within that Class.  Valid reasons exist for separately classifying the various Classes of Claims created under the Plan.  The Plan, therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

L.    <u>Unimpaired and Impaired Classes | 11 U.S.C. §§ 1123(a)(2)-(3)</u>.  Article IV of the Plan specifies that Claims in Classes 1 and 2 are Unimpaired.  Article IV of the Plan also specifies the treatment of each Impaired Class under the Plan, which are Classes 3, 4, and 5.  The Plan, therefore, satisfies sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

M.    <u>No Discrimination | 11 U.S.C. § 1123(a)(4)</u>.  Article IV of the Plan provides the same treatment for each Claim or Interest within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest. The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

N.    <u>Implementation of the Plan | 11 U.S.C. § 1123(a)(5)</u>.  The Plan and Liquidation Trust Agreement, attached as <u>Exhibit C</u> to the Plan, provide adequate and proper means for the Plan's implementation, including, among other provisions, Article VII of the Plan (Means for Implementation of the Plan).  The Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

O.    <u>Non-Voting Equity Securities | 11 U.S.C. § 1123(a)(6)</u>.  The Plan does not provide for the issuance of nonvoting equity securities.

P.    <u>Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  Article VI of the Plan describes the manner of selection and powers of the Liquidation Trustee and the Post-Confirmation Committee.  E. Lynn Schoenmann, the current independent and sole director of the Debtors, will be appointed as the Liquidation Trustee for the Liquidation Trust and the Plan and Liquidation Trust Agreement disclose her identity, affiliations, and compensation.  Ms. Schoenmann's engagement as Liquidation Trustee is consistent with the interests of Holders of Claims and with public policy.  Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

Q.    <u>Rejection of Executory Contracts | 11 U.S.C. § 1123(b)(2)</u>.  Consistent with section 1123(b)(2) of the Bankruptcy Code, Article VIII of the Plan provides for the rejection of all of the executory contracts and unexpired leases of the Debtors that have not already been assumed or rejected in these Chapter 11 Cases.

R.    <u>Plan Proponents' Compliance with the Bankruptcy Code | 11 U.S.C. § 1129(a)(2)</u>. The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code. Specifically:  (a) the Debtors are proper debtors under section 109 of the Bankruptcy Code; (b) the Plan Proponents have complied with all applicable provisions of the Bankruptcy Code, including section 1125, except as otherwise provided or permitted by order of the Court; and (c) the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Solicitation Materials and in tabulating the votes with respect to the Plan.

S.    <u>Plan Proposed in Good Faith | 11 U.S.C. § 1129(a)(3)</u>.  The Plan has been proposed by the Plan Proponents in good faith and in the belief that the proposed liquidation and establishment of the Liquidation Trust will maximize value for the Debtors' creditors.  The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code by enabling the Liquidation Trustee to make distributions to creditors on a fair and equitable basis, in accordance with the priorities established by the Bankruptcy Code.  The Plan has been proposed with the legitimate and honest purpose and is in the best interests of the Debtors' creditors.  In so finding, the Court has considered the totality of the circumstances in these Chapter 11 Cases.  The strong support for the Plan by holders of Claims in Class 3 further demonstrates that the Plan was proposed in good faith.  Finally, as described in greater detail below, the Plan's indemnification, exculpation, release, and injunction provisions are warranted, necessary, and appropriate, and are

supported by sufficient consent and consideration under the circumstances of these Chapter 11 Cases as a whole and are consistent with sections 105, 1123(b)(6), and 1129 of the Bankruptcy Code and applicable law in this Circuit.

T.      <u>Payment for Services or Costs and Expenses | 11 U.S.C. § 1129(a)(4)</u>.  No payment for services or for costs and expenses in connection with these Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made by the Plan Proponents other than payments that have been authorized by the Plan or an order of the Court, including, without limitation, this Confirmation Order.  The Plan, therefore, satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

U.      <u>Disclosure of Liquidation Trustee | 11 U.S.C. § 1129(a)(5)</u>.  The Plan Proponents have complied with section 1129(a)(5) by providing such disclosures in the Plan and Liquidation Trust Agreement.

V.      <u>No Rate Changes | 11 U.S.C. § 1129(a)(6)</u>.  The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval.  Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

W.      <u>Best Interests of Creditors | 11 U.S.C. § 1129(a)(7)</u>.  Each holder of an Impaired Claim or Impaired Interest has either accepted the Plan or will receive or retain on account of such Claim or Interest, property of a value on the Effective Date of the Plan that is not less than the amount that such holder receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  The Plan, therefore, satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

X.        <u>Acceptance by Certain Classes | 11 U.S.C. § 1129(a)(8)</u>.  Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept a plan or be unimpaired under a plan.  Classes 1 and 2 are Unimpaired Classes of Claims, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.  Class 3 is the Impaired Class entitled to vote on the Plan.  Class 3 has voted to accept the Plan.  Class 4 and Class 5 are conclusively presumed to reject the Plan because no distribution is anticipated to the holders of such Claims or Interests, in accordance with section 1126(g) of the Bankruptcy Code.  The Plan, therefore, does not satisfy the requirements of section 1129(a)(8) of the Bankruptcy Code because at least one Impaired Class has not voted to accept the Plan.  Notwithstanding the foregoing, the Plan is confirmable because it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

Y.        <u>Treatment of Claims Entitled to Priority | 11 U.S.C. § 1129(a)(9)</u>.  The treatment of Administrative Claims and Priority Tax Claims as set forth in Article IV of the Plan is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code.  The Plan, therefore, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Z.        <u>Acceptance by at Least One Impaired Class of Claims | 11 U.S.C. § 1129(a)(10)</u>.  As set forth in the Voting Declaration, Class 3 is an impaired class of Claims under the Plan and voted to accept the Plan.  The Plan, therefore, satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

AA.       <u>Confirmation Not Likely to be Followed by Liquidation | 11 U.S.C. § 1129(a)(11)</u>.  The Plan provides for the liquidation of the Debtors' assets and, accordingly, no further reorganization or liquidation of the Debtors is contemplated or likely.   Based on the evidence proffered or adduced at or prior to the Confirmation Hearing and in the Confirmation Brief and

the Plan, the Debtors have sufficient funds available as of the Effective Date to pay all claims and expenses that are required to be paid on the Effective Date under the Plan (including Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims), and to fund the Liquidation Trust to pay these claims as appropriate pursuant to the Liquidation Trust Agreement. Accordingly, the Plan is feasible and satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

BB.    <u>Payment of Bankruptcy Fees | 11 U.S.C. § 1129(a)(12)</u>.  The Plan provides for the payment of all fees payable by the Debtors under 28 U.S.C. § 1930(a) and, therefore, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

CC.    <u>Non-applicability of Certain Sections of the Bankruptcy Code</u>.  The Debtors do not owe any retiree benefits, domestic support obligations, are not individuals, and are not non-profit corporations.  Accordingly, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.

DD.    <u>Cram Down Requirements | 11 U.S.C. § 1129(b)</u>.  The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Notwithstanding the fact that Class 4 and Class 5 are deemed to reject the Plan (the "<u>Rejecting Classes</u>"), the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code given that Class 3 voted to accept the Plan. *First*, all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) have been met.  *Second*, the Plan is fair and equitable with respect to the Rejecting Classes.  The Plan has been proposed in good faith, is reasonable, and meets the requirements that no Holder of any Claim that is junior to each such Class will receive or retain any property under the Plan on account of such junior Claim and no Holder of a Claim in a Class equal to such Classes is receiving more favorable treatment than the Rejecting Classes.  Accordingly, the Plan is fair and

equitable towards all Holders of Claims in the Rejecting Classes. *Third*, the Plan does not discriminate unfairly with respect to the Rejecting Classes because similarly situated creditors will receive substantially similar treatment on account of their Claims irrespective of Class.   The Plan may therefore be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan because the Plan does not discriminate unfairly, and is fair and equitable with respect to the Rejecting Classes.

EE.    Only One Plan | 11 U.S.C. § 1129(c).  The Plan Proponents seek confirmation of the Plan.  No party other than the Plan Proponents have proposed a plan.  The Plan, therefore, satisfies the requirements of section 1129(c) of the Bankruptcy Code.

FF.    Principal Purpose of the Plan | 11 U.S.C. § 1129(d).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, 15 U.S.C. § 77e.  The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

GG.    Good Faith Solicitation | 11 U.S.C. § 1125(e).  Based on the record in the Chapter 11 Cases, the Plan Proponents and each of their respective officers, directors, managers, employees, members, agents, advisors, accountants, attorneys, and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the Plan, including, but not limited to, any action or inaction in connection with their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in the Plan.

HH.    <u>Implementation</u>.  The various means for implementation of the Plan set forth in the Plan (collectively, the "<u>Implementation Activities</u>") have been designed and proposed in good faith.  The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and equitable manner in accordance with the priorities established by the Bankruptcy Code.  The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtors are indebted on the Effective Date.

II.    <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Confirmation</u>.  The Plan, as attached hereto as **<u>Exhibit A</u>**, is **APPROVED** in its entirety and **CONFIRMED** in its entirety under section 1129 of the Bankruptcy Code.  The terms of the Plan and all documents, exhibits, and agreements thereto are incorporated by reference into and are an integral part of the Plan, and such terms and their implementation are hereby approved and authorized.  The Plan Proponents and/or the Liquidation Trust (as applicable) are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, and other agreements or documents created in connection with the Plan.

2.    <u>Final Approval of Disclosures</u>. The Disclosures are hereby **APPROVED** on a final basis, pursuant to section 1125 of the Bankruptcy Code.

3.    <u>Objections</u>.  The Debtors received informal comments from the U.S. Trustee.  To the extent that these informal comments have not been withdrawn or resolved prior to the entry of this Confirmation Order, all informal comments or objections are overruled in all respects for the reasons set forth in the record of the Confirmation Hearing, which record is incorporated herein, and all withdrawn informal comments, if any, are deemed withdrawn with prejudice.

4.      <u>Omission of Reference to Particular Plan Provisions</u>.  The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.      <u>Implementation</u>.  The Plan Proponents, the Liquidation Trust, and the Liquidation Trustee are authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, leases, agreements, or other documents created or executed in connection with the Plan.  Without further order or authorization of this Court, the Debtors, the Liquidation Trust, the Liquidation Trustee, and their successors are authorized and empowered to make all modifications to all Plan Documents that are consistent with the Plan.  Execution versions of the Plan and all related documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

6.      <u>Classifications</u>.  The classification of Claims for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan and this Confirmation Order.

7.      <u>Effective Date</u>.  The Effective Date of the Plan shall occur on the date determined by the Plan Proponents when the requisite conditions set forth the Plan have been satisfied or, if applicable, waived in accordance with the Plan.

8.      <u>Modifications or Alterations to Plan</u>.  To the extent the Plan has been modified, supplemented, or altered subsequent to solicitation, such modifications, supplements, and alterations constitute clarifications or technical changes, and do not materially adversely affect or change the treatment of any Claims or Interests.  Accordingly, pursuant to Bankruptcy Rule 3019, such modifications or alterations, if any, do not require additional disclosure under section 1125

of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

9.    <u>Resolution of Claims</u>.  As discussed in detail in the Plan, and as otherwise provided herein, in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan.

10.    <u>Post-Confirmation Governance</u>.  On and after the Effective Date, the Liquidation Trustee and the Post-Confirmation Committee shall begin acting for the Liquidation Trust in the same fiduciary capacity as applicable to a board of directors, subject to the provisions hereof and the Liquidation Trust Agreement.  The Liquidation Trustee and the Post-Confirmation Committee shall serve in such capacity through the earlier of the date the Liquidation Trust is dissolved in accordance with the Plan or the Liquidation Trust Agreement and the date such Liquidation Trustee or Post-Confirmation Committee member resigns, is terminated, or otherwise unable to serve; <u>provided</u>, <u>however</u>, that, any successor Liquidation Trustee or member of the Post-Confirmation Committee appointed pursuant to the Plan and the Liquidation Trust Agreement, shall serve in such capacities after the effective date of such person's appointment as the Liquidation Trustee or member of the Post-Confirmation Committee.

11.    <u>Causes of Action</u>.  Unless any Causes of Action are expressly waived, relinquished, released, compromised, or settled in the Plan or any final order entered by this Court (including, without limitation, this Confirmation Order, a "<u>Final Order</u>"), the Debtors and the Liquidation Trust expressly reserve all such Causes of Action for later adjudication, including any Causes of Action not specifically identified in the Plan, or of which the Plan Proponents may presently be

unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Plan Proponents at this time or facts or circumstances that may change or be different from those the Plan Proponents now believe to exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches will apply to such Causes of Action upon or after the Confirmation of the Plan based on the contents of the Plan or this Confirmation Order, except where such claims and/or defenses have been expressly waived, relinquished, released, compromised, or settled in the Plan or by Final Order.  Following the Effective Date, the Liquidation Trust may assert, compromise, or dispose of the Causes of Action without further notice to Holders of Claims of Interests or authorization of the Court, except as otherwise expressly provided herein or in the Liquidation Trust Agreement in relation to the Liquidation Trust.

12.    Liquidation Trust and Liquidation Trustee.  On the Effective Date, the Liquidation Trust shall be established and shall be authorized to implement and adopt any other agreements, documents, and instruments and to take any other actions contemplated under the Plan or Liquidation Trust Agreement as necessary or desirable to consummate the Plan or to carry out the Liquidation Trust functions.  On and after the Effective Date, the Liquidation Trustee shall carry out the Liquidation Trust functions on behalf of the Liquidation Trust, in consultation with the Post-Confirmation Committee as expressly required by the Liquidation Trust Agreement.  The Liquidation Trustee, in her discretion, may execute and file documents and take all other actions as she deems appropriate relating to the dissolution of the Debtors under applicable state laws, and in such event, all applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the subject Debtor as provided herein.

13.    <u>Sources of Consideration for Plan Distributions</u>.    The Debtors shall fund distributions under the Plan with Cash or such other assets as may be held or asserted to be held by the Debtors or the Liquidation Trust, as the case may be, and the proceeds thereof, including, without limitation, each Debtors' Cash on hand and proceeds from the sale or other disposition of the remaining property of the Debtors.

14.    <u>Effectuating Documents; Further Transactions</u>.    On and after the Effective Date, the Liquidation Trustee is authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Liquidation Trust, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan and the Liquidation Trust Agreement

15.    <u>Section 1146 Exemption</u>.    Pursuant to section 1146 of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any document recording tax, stamp tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

16.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.    On the Effective Date, except for any executory contracts or unexpired leases of the Debtors (i) that previously were assumed or rejected by an order of the Court, pursuant to section 365 of the Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been

filed and served prior to the date hereof; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtors or the Estates, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to section 365 of the Bankruptcy Code as of the Effective Date.  The Confirmation Order shall constitute an order of the Court approving such rejection, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.  For the avoidance of doubt, any insurance policy acquired for the benefit of the Debtors (or any representatives thereof or successors thereto) before or after the Petition Date shall remain in full force and effect after the Effective Date according to its terms.

17.    <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>.  Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases, if any, must be filed with the Court and served on the Liquidation Trustee within thirty (30) calendar days after the earlier of (a) the Effective Date or (b) service of a notice that the executory contract or unexpired lease has been rejected.  Any Claims arising from the rejection of an executory contract or unexpired lease not filed within such time shall not be treated as an Allowed Claim for purposes of Distribution without the need for any objection by the Liquidation Trust or further notice to, or action, order or approval of the Court.  Allowed Claims arising from the rejection of the Debtors' executory contracts or unexpired leases shall be classified as General Unsecured Claims and shall be treated in accordance with Article IV of the Plan, as applicable.

18.    <u>Reservation of Rights</u>.  Nothing contained in the Plan shall constitute an admission by the Debtors that any executory contract or unexpired lease is in fact an executory contract or unexpired lease or that the Liquidation Trust has any liability thereunder.  If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption

or rejection, the Debtors or the Liquidation Trust, as applicable, shall have thirty (30) calendar days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

19.    <u>Distributions Under the Plan</u>.  On and after the Effective Date, the Distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims pursuant to Article IX of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Liquidation Trustee, the Liquidation Trustee shall be authorized to effectuate such Distributions, resolution, and treatment in consultation with the Post-Confirmation Committee as expressly required by the Liquidation Trust Agreement.

20.    <u>Procedures for Resolving Contingent, Unliquidated, and Disputed Claims</u>.  The procedures and authority to file objections, settle, compromise, withdraw, or litigate to judgment Claims, adjudicate or resolve Tax issues or liabilities, and estimate, adjudicate, and resolve any contingent or unliquidated Disputed Claim, contained in Article IX of the Plan shall be, and hereby are, approved in their entirety.

21.    <u>Releases by the Debtors</u>.  The releases contained in Section 10.01 of the Plan are approved in all respects and incorporated herein by reference.

22.    <u>Releases by Holders of Claims</u>.  The third party releases contained in Section 10.02 of the Plan are approved in all respects and incorporated herein by reference.

23.    <u>Exculpation</u>.  The exculpation provisions contained in Section 10.03 of the Plan are approved in all respects and incorporated herein by reference.

24.    <u>Injunction</u>.  The injunctions contained in Section 10.04 of the Plan are approved in all respects and incorporated herein by reference.

25.    <u>Final Administrative Claims Bar Date</u>.  Unless previously filed or as otherwise governed by a bar date order or in another order of the Court, requests for payment of Administrative Claims arising on or after June 1, 2021, must be filed with the Court and served on the Liquidation Trustee by the Final Administrative Claims Bar Date, which shall be thirty (30) calendar days after the Effective Date.  Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Final Administrative Claims Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, the Estates, the Liquidation Trust, or their respective property.

26.    <u>Cancellation of Notes, Instruments, Certificates, and Other Documents</u>.  On the Effective Date, except as otherwise provided herein or in the Plan, all notes, instruments, certificates, and other instruments or documents, directly or indirectly, evidencing any Claim or Interest shall be deemed cancelled and the obligations of the Debtors or the Liquidation Trust shall be limited to those distributions proposed under the Plan, if any, with respect to such Claim or Interest.

27.    <u>Preservation and Assignment of Subordination Rights</u>.  Notwithstanding anything to the contrary contained herein or in the Plan, in accordance with Section 9.03 of the Plan, on the Effective Date, the rights, remedies, and benefits of the Prepetition Lender under each of the Subordination Agreements is hereby be deemed assigned to the Liquidation Trust without any further action by or on behalf of the Prepetition Lender, and nothing in the Plan or this Confirmation Order shall reduce, waive, diminish, or otherwise affect the rights of the Holder of the Stipulated Deficiency Claim or any assignee thereof (including the Liquidation Trust), under the Subordination Agreements.  Except as may be provided for in the Plan, all subordination rights

and claims relating to the subordination by the Debtors or the Liquidation Trustee of any Allowed Claims shall remain valid, enforceable, and unimpaired in accordance with section 510 of the Bankruptcy Code or otherwise.

28.   <u>Professional Fee Claims</u>.  Any Professional or other Entity asserting a Professional Fee Claim must file with the Court and serve on respective counsel for the Debtors and the Liquidation Trust and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Court, an application for final allowance of such Claim no later than thirty (30) calendar days after the Effective Date.  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Court.

29.   <u>Notices of Confirmation and Effective Date</u>.  The Plan Proponents shall serve a combined notice of entry of this Confirmation Order and notice of the Effective Date, in the form attached hereto as <u>Exhibit B</u> (the "<u>Confirmation Notice</u>"), in accordance with Bankruptcy Rules 2002 and 3020(c) on all creditors, equity holders and parties having requested notice in these Chapter 11 Cases within seven (7) calendar days after the Effective Date.  Notwithstanding the above, no notice of confirmation or Effective Date or service of any kind shall be required to be mailed or made upon any party to whom the Debtors mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.  The Confirmation Notice is adequate under the particular circumstances of these Chapter 11 Cases and no other or further notice is necessary.

30.    <u>Appointment of Liquidation Trustee</u>.  E. Lynn Schoenmann is hereby appointed to serve as the Liquidation Trustee on the terms set forth in this Confirmation Order, the Plan, and the Liquidation Trust Agreement.

31.    <u>Authorization, Duties, and Powers of Liquidation Trustee</u>.  The Liquidation Trustee is hereby authorized to take any and all actions necessary or appropriate in furtherance of, and to implement, effectuate, and consummate the Plan, this Confirmation Order, and the Liquidation Trust, including, without limitation, all of the procedures and undertakings specified in Article VI of the Plan and, further without limitation of the foregoing, all of the specified rights, duties, powers, options, and elections of the Liquidation Trustee set forth in the Liquidation Trust Agreement.

32.    <u>Appointment of Initial Members of the Post-Confirmation Committee</u>.  ATEME, Inc. and Loma Alta Holdings, Inc. are hereby appointed to serve as the initial members of the Post-Confirmation Committee on the terms set forth in this Confirmation Order, the Plan, and the Liquidation Trust Agreement.

33.    <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain jurisdiction over these Chapter 11 Cases and any of the proceedings related to these Chapter 11 Cases pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out.

34.    <u>Statutory Committees and Cessation of Fee and Expense Payment</u>.  On the Effective Date, the Committee shall be dissolved.  As of the Effective Date, the Liquidation Trust

shall no longer be responsible for paying any fees or expenses incurred after the Effective Date by the members of or advisors to the Committee.

35.    <u>Successors and Assigns</u>.  The rights, duties, and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

36.    <u>Binding Effect of the Plan</u>.  Pursuant to Sections 14.05 and 14.09 of the Plan, and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, the Liquidation Trust, the Liquidation Trustee, any Entity acquiring property under the Plan, any Liquidation Trust Beneficiary, and any Holder of a Claim or Interest, whether or not such Holder has filed a Proof of Claim or Interest in these Chapter 11 Cases, whether or not the Claim of such Holder is impaired under the Plan, and whether or not such Holder has accepted or rejected the Plan.  This Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, or Governmental Unit or parish in which any instrument related to under this Plan or related to any transaction contemplated under this Plan is to be recorded with respect to any taxes of the kind specified in section 1146(a) of the Bankruptcy Code.  All settlements, compromises, releases, waivers, exonerations, and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, exculpated, or enjoined causes of action, and no other person or entity shall possess such standing to assert such causes of action after the Effective Date.

37.    <u>Binding Effect of Prior Orders and Agreements</u>.  Pursuant to section 1141 of the Bankruptcy Code, subject to the terms of the Plan and this Confirmation Order, all prior orders entered in these Chapter 11 Case, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending

before the Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Liquidation Trust and the Liquidation Trustee.

38.    <u>Governmental Approvals Not Required</u>.  Except as otherwise specifically provided herein, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

39.    <u>Effectiveness of All Actions</u>.  All actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, members, managers, or employees of the Debtors or the Liquidation Trust and with the effect that such actions had been taken by unanimous action of such officers, directors, members, managers, or employees.

40.    <u>Plan and Confirmation Order Mutually Dependent</u>.  This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' consent; and (c) non-severable and mutually dependent.

41.    <u>Reversal</u>.  If any of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtors.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation

Order, any such act or obligations incurred undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

42.    <u>No Stay</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidation Trust, and any and all Holders of Claims, all entities that are parties to or subject to the settlements, compromises, releases, and injunctions described in the Plan or in this Order, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

43.    <u>Confirmation Order Supersedes</u>.  It is hereby ordered that this Confirmation Order shall supersede any Court orders issued prior to the Effective Date that may be inconsistent with this Confirmation Order.

44.    <u>Recording</u>.  The Debtors and the Liquidation Trust are hereby authorized to deliver a notice or short form of this Confirmation Order, with the Plan attached, to any state or local recording officer, and such officer must accept for filing such documents or instruments.  Such notice (a) shall have the effect of an order of this Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers, and (c) shall be a reasonable instrument notwithstanding any contrary provision of non-bankruptcy law. The Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

45.    <u>Internal Revenue Service</u>.    Notwithstanding any provision in the Plan, no governmental unit shall be required to file a request for payment of an Administrative Claim as

described in section 503(b)(1)(D) of the Bankruptcy Code, as a condition of its being an Allowed Administrative Claim.

46. <u>Conflicts Between this Confirmation Order and the Plan</u>. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

47. <u>Plan and Confirmation Order Govern</u>.  Without intending to modify any prior order of this Court (or any agreement, instrument, or document addressed by any prior order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document); <u>provided</u>, <u>further</u>, that, for the avoidance of doubt, in the event of any inconsistency between the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern.

48. <u>Final Order</u>.  The stay of this Confirmation Order imposed by Bankruptcy Rule 3020(e) is hereby waived in accordance with Bankruptcy Rule 3020(e).  This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

# EXHIBIT A

**Confirmed Plan**

**[To be attached]**

# __EXHIBIT B__

**Confirmation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOBITV, INC., *et al.*, | Case No. 21-10457 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Related to Docket No. ___** |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING THE
CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS; (B) OCCURRENCE
OF THE EFFECTIVE DATE; AND (C) CERTAIN IMPORTANT DEADLINES**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEEST:**

      **PLEASE TAKE NOTICE** that an order [Docket No. ●] (the "Confirmation Order") confirming the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, the "Plan"), was entered by the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, and docketed by the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Court") on September [●], 2021. A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan or the Confirmation Order, as applicable.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order, the Plan, and the related documents, are available to be viewed at the Bankruptcy Court's website (https://www.deb.uscourts.gov) for a small fee. To access the Court's website, you will need a PACER password and login, which can be obtained at https://pacer.uscourts.gov.

      **PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on September [●], 2021.

      **PLEASE TAKE FURTHER NOTICE** that, unless otherwise provided by the Plan, the Confirmation Order, or any other applicable order of the Bankruptcy Court, (a) all requests for payment of Administrative Claims arising on or after June 1, 2021, other than Professional Fee Claims, must be filed with the Claims Agent and served on the Liquidation Trustee by no later than _____, 2021 (the "**Final Administrative Claims Bar Date**") and (b) all requests for payment of Professional Fee Claims must be filed with the Bankruptcy Court no later than _____, 2021 (the "**Professional Fee Bar Date**"). Holders of Administrative Claims that do not timely file and serve requests for payment of Administrative Claims by the Final

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

Administrative Claims Bar Date shall be forever barred from asserting such claims against the Debtors or the Liquidation Trust.

**PLEASE TAKE FURTHER NOTICE** that all executory contracts and unexpired leases not assumed before the Effective Date, or subject to a pending motion to assume as of the Effective Date, are rejected pursuant to Section 8.01 of the Plan as of the Effective Date.  Any proofs of claim based upon the rejection of a Debtor's executory contract or unexpired lease pursuant to the Plan must be filed by no later than thirty (30) calendar days after service of this Notice.  Claims arising from the rejection of an executory contract or unexpired lease that are not filed by the foregoing deadline shall be discharged and forever barred.

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Liquidation Trustee, the Liquidation Trust, any holder of a Claim against, or Interest in, the Debtors and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is impaired under the Plan and whether or not such Holder voted to accept the Plan.

Dated:    September __, 2021
          Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ DRAFT*
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone:    302-652-4100
Facsimile:    302-652-4400
Email:    dgrassgreen@pszjlaw.com
          jrosell@pszjlaw.com
          mcaloway@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*


FOX ROTHSCHILD LLP

*/s/ DRAFT*
Seth A. Niederman (DE No. 4588)
Michael A. Sweet (admitted *pro hac vice*)
Gordon E. Gouveia (admitted *pro hac vice*)
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
Facsimile: (302) 656-8920

*Counsel to the Official Committee of
Unsecured Creditors*