UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MOBITV, INC., *et al.*,<br><br>Debtors[1] | Chapter 11<br>Case No. 21-10457 (LSS)<br>(Jointly Administered)<br><br>Related D.I. No. 503 |

### CERTIFICATION OF COUNSEL REGARDING ORDER SUSTAINING FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO THE CLASSIFICATION OF FILED PROOFS OF CLAIM

Undersigned counsel to E. Lynn Schoenmann, the Liquidating Trustee (the "Trustee") for the above-captioned debtors (the "Debtors"), hereby certifies that:

1. On March 1, 2021, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On September 22, 2021, the Debtors filed the *First (Non-Substantive) Omnibus Objection to the Classification of Filed Proofs of Claim Pursuant to 11 U.S.C. § 502(b), Federal Rules of Bankruptcy procedure 3007 and 9014, and Local Bankruptcy Rule 3007-1* (the "Claims Objection") [Docket No. 503], therein seeking to reclassify certain claims.

3. On October 21, 2021, Hsia-Li Wu filed a response to the Objection in connection with her Proof of Claim No. 30 (the "Claim").

4. At the hearing on the Objection, the Court requested that the Trustee filed a revised proposed order that excludes reclassification of the Claim (the "Revised Order"). The Court also allowed the Trustee to renew her objection to the Claim with additional argument and factual

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

127571225.1

support at a later date.

5. The Revised Order is attached hereto as **Exhibit "A"** and incorporated by reference herein.

6. A redline version of the Revised Order is attached hereto as **Exhibit "B"** and incorporated by reference herein.

7. The Trustee respectfully requests that the Court enter the Revised Order at its earliest convenience.

Dated:  October 28, 2021        **FOX ROTHSCHILD LLP**

By: /s/  Seth A. Niederman, Esq.
Seth A. Niederman (No. 4588)
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

# Exhibit "A"

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MOBITV, INC., *et al.*,<br><br>Debtors[1] | Chapter 11<br>Case No. 21-10457 (LSS)<br>(Jointly Administered)<br><br>Related D.I. No. 503 |

## ORDER SUSTAINING FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO THE CLASSIFICATION OF FILED PROOFS OF CLAIM

The Court has considered the *Debtors' First (Non-Substantive) Omnibus Objectionto the Classification of Filed Proofs of Claim* (the "First Omnibus Objection");[2] and the Court having reviewed the Tennenbaum Declaration; the Court finding that (a) the Court has jurisdictionover this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the First Omnibus Objection and of the hearing on the First Omnibus Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the First Omnibus Objection establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The First Omnibus Objection is SUSTAINED as set forth herein.

2. Each Misclassified Claim identified on Schedule 1 attached hereto is hereby

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the First Omnibus Objection.

127498778.2

reclassified as a proof of interest.

3. Stretto, the Debtors' noticing and claims agent (the "Claims Agent"), is authorized to update the Claims Register to reflect the relief granted in this Order.

4. The Debtors' rights are reserved as set forth in the First Omnibus Objection, and nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) bring an avoidance action under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the First Omnibus Objection, (b) exercise the Debtors' rights to set-off against the holders of such claims relating to such avoidance actions; and (c) file counter claims against the holders of any such claims.

5. The Debtors reserve the right to object in the future to any of the claims listed in the First Omnibus Objection on any ground, including, without limitation, substantive grounds, and to amend, modify and/or supplement the First Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims.

6. Each of the Misclassified Claims and the objections by the Debtors to such Misclassified Claims, as addressed in the First Omnibus Objection and set forth on **Schedule 1** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Claims. Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7. The Debtors, Stretto, and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

8. The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

       9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Schedule 1
Misclassified Claims

| Name of Claimant | Claim Number | Claim Amount | Claim Classification Status | Modified Classification Status | Reason for Reclassification |
|---|---|---|---|---|---|
| Rino Bartolo | 37 | $1,800.00 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| The Simon and Briony Bax Trust | 71 | $150,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Thomas M. Casey, D.D.S. | 64 | $15,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership ofstock |
| Heather Dawe | 81 | $7,500.00 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Homathko River Partners, LLC | 90 | $500,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Betty Kerpen | 46 | $25,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership ofstock |
| Takaharu Nakano[1] | 135 | $28,000[1] | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Tran Pham | 119 | $5,660.65 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Ana Recio | 98 | $1,494.00 | Priority | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Constance Riedinger | 124 | $25,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership ofstock |
| Rambabu Thota | 142 | $3,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Linda Wei | 144 | $28,183.74 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of stock |
| Fred Winkel | 47 | $25,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership ofstock |
| Fidel Zawde | 79 | $3,949.98 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of Stock |

---

[1] Claimant's proof of claim also includes amounts for a general unsecured claim unrelated to an equity interest. That portion of the claim is not affected by this First Omnibus Objection.

127498778.2

# Exhibit "B"

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MOBITV, INC., *et al.*,<br><br>Debtors[1] | Chapter 11<br>Case No. 21-10457 (LSS)<br>(Jointly Administered)<br><br>Related D.I. No. 503 |

## ORDER SUSTAINING FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO THE CLASSIFICATION OF FILED PROOFS OF CLAIM

The Court has considered the *Debtors' First (Non-Substantive) Omnibus Objection to the Classification of Filed Proofs of Claim* (the "First Omnibus Objection");[2] and the Court having reviewed the Tennenbaum Declaration; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the First Omnibus Objection and of the hearing on the First Omnibus Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the First Omnibus Objection establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The First Omnibus Objection is SUSTAINED as set forth herein.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: MobiTV, Inc. (2422) and MobiTV Service Corporation (8357). The Debtors' mailing address is 350 S. Grand Avenue, Suite 3000, Los Angeles, CA 90071.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the First Omnibus Objection.

~~127498778.1~~

127498778.2

~~2.	Any response to the First Omnibus Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.~~

<u>2.</u>	~~3.~~Each Misclassified Claim identified on Schedule 1 attached hereto is hereby reclassified as a proof of interest.

<u>3.</u>	~~4.~~Stretto, the Debtors' noticing and claims agent (the "Claims Agent"), is authorized to update the Claims Register to reflect the relief granted in this Order.

<u>4.</u>	~~5.~~The Debtors' rights are reserved as set forth in the First Omnibus Objection, and nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) bring an avoidance action under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the First Omnibus Objection, (b) exercise the Debtors' rights to set-off against the holders of such claims relating to such avoidance actions; and (c) file counter claims against the holders of any such claims.

<u>5.</u>	~~6.~~The Debtors reserve the right to object in the future to any of the claims listed in the First Omnibus Objection on any ground, including, without limitation, substantive grounds, and to amend, modify and/or supplement the First Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims.

<u>6.</u>	~~7.~~Each of the Misclassified Claims and the objections by the Debtors to such Misclassified Claims, as addressed in the First Omnibus Objection and set forth on **Schedule 1** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Claims. Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters

covered hereby.

   7.  8.The Debtors, Stretto, and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

   8.  9.The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

   9.  10.This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Schedule 1
## Misclassified Claims

| Name of Claimant | Claim Number | Claim Amount | Claim Classification Status | Modified Classification Status | Reason for Reclassification |
|---|---|---|---|---|---|
| Rino Bartolo | 37 | $1,800.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| The Simon and Briony Bax Trust | 71 | $150,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Thomas M. Casey, D.D.S. | 64 | $15,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Heather Dawe | 81 | $7,500.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Homathko River Partners, LLC | 90 | $500,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Betty Kerpen | 46 | $25,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Takaharu Nakano[1] | 135 | $28,000[1] | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Tran Pham | 119 | $5,660.65 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Ana Recio | 98 | $1,494.00 | Priority | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Constance Riedinger | 124 | $25,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Rambabu Thota | 142 | $3,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Linda Wei | 144 | $28,183.74 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| Fred Winkel | 47 | $25,000.00 | General Unsecured | Proof of Interest | Claim filed by shareholder based on ownership of stock |
| ~~Hsiao-Li Wu~~ | ~~30~~ | ~~$22,706.04~~ | ~~Priority/Secured~~ | ~~Proof of Interest~~ | ~~Claim filed by shareholder based on ownership of stock~~ |

---

[1] Claimant's proof of claim also includes amounts for a general unsecured claim unrelated to an equity interest. That portion of the claim is not affected by this First Omnibus Objection.
~~127498778.1~~

127498778.2

| Fidel Zawde | 79 | $3,949.98 | General Unsecured | Proof of Interest | Claim filed by shareholderbased on ownership of Stock |

127498778.1

127498778.2